David Randall Allen, Labor Cabinet, Special Fund, Louisville, for appellant.

Walter A. Ward, Clark, Ward & Cave, Lexington, for appellee Randall Foods.

John W. Morgan, Lexington, for appellee Picklesimer.

**Robert L. WHITTAKER, Acting Director of Special Fund, Appellant,**

v.

**RANDALL FOODS, INC.; Tommie J. Picklesimer, Widow of Norman Picklesimer, Deceased; and Workers' Compensation Board, Appellees.**

No. 94–SC–569–WC.

Supreme Court of Kentucky.

March 23, 1995.

OPINION OF THE COURT

In this workers' compensation claim, the Administrative Law Judge (ALJ) determined that the worker's death, although by suicide, resulted from a work-related injury which had occurred approximately a year and a half before. The ALJ awarded a period of temporary, total, occupational disability from the date of the injury until July 12, 1990. Permanent, total, occupational disability was apportioned equally between the employer and the Special Fund and was awarded from October 16, 1990, until the worker's death on February 4, 1991. Thereafter, survivors' benefits were awarded to the worker's widow, both for herself and for three surviving dependent children whose ages were 14, 12, and 6 years. KRS 342.750(1)(b).

With regard to the award of survivors' benefits, a question arose concerning the method by which the payment periods of the employer and Special Fund should be determined. The ALJ noted that there are many variables which affect the payment of a survivors' award. Examples of such variables are the length of time before the widow(er) remarries, the ages of dependent children, and the possibility that a child will remain dependent beyond the age of 18. The ALJ noted that tying the priority of payments by the defendants to the life expectancy of the widow, particularly where there also are dependent children, would likely result in the employer paying a disproportionate share of the award and recognized that the purpose of the Special Fund is to spread to all employers the costs of injuries that are caused, in

part, by the arousal of a dormant condition. However, the payment scheme of KRS 342.120, as it was amended in 1982, indicated a legislative intent to enable the Special Fund to preserve capital by making the employer liable for the initial period of an apportioned award. The ALJ noted that this payment scheme is imprecisely drawn for dealing with awards of survivors' benefits that are apportioned between an employer and the Special Fund and concluded that, although he would prefer to direct that both defendants commence payment of their proportionate share of the award as of the date of the worker's death, that option was not available. See *Pennwalt Corp. v. Beale*, Ky. App., 840 S.W.2d 830 (1992) and *A & K Coal Company v. Blankenship*, Ky., 708 S.W.2d 638 (1986). Therefore, he ordered the employer to pay all the income benefits due for a period of weeks equal to one-half of the widow's life expectancy. Thereafter, the Special Fund would pay the balance of the award.

The Board reversed the ALJ with regard to the payment scheme and noted that the ALJ's order did not conform to the language of KRS 342.120. In order to comply with KRS 342.120, the Board directed that, rather than tying the payment periods on the combined survivors' award to the widow's life expectancy, the value of each surviving dependent's award should be calculated separately. Then, the employer would pay the sum due each surviving dependent during the weeks which comprised the first half of the award for each dependent. The Special Fund would pay during the weeks which comprised the second half of each award.

In affirming the Board, the Court of Appeals stated:

Each of the four awards in this case are distinct because they are terminable at different times and upon different conditions. The Board recognized this and rather than treating the awards as a combined widow/children award, the Board determined the values of each award and then apportioned the awards according to the ALJ's determination of percentage of liability. The employer is liable for all the income benefits of each award until 50% is reached. At that point in time, the Special Fund pays the remaining compensation in each award. Thus the Board did not err in finding the ALJ's apportionment for liability erroneous and ordering the apportionment of each award according to the liability of the employer and the Special Fund.

We reverse. Regardless of the fact that KRS 342.750 directs the payment of income benefits to or on behalf of different classes of dependents of the deceased worker, all of the benefits flow from and would not exist without the deceased worker's award. We recognize that, in treating each survivor's claim as a separate award, the Board was attempting to devise a formula for determining the employer's and Special Fund's payment periods that accurately reflected the mandates of KRS 342.120(6) and (7). However, nothing in the Act authorizes treating the liability of the employer and the Special Fund for an award of income benefits any differently simply because the benefits are paid to or on behalf of the worker's surviving dependents rather than to the injured worker, himself. Therefore, we believe it more appropriate to view the income benefits awarded to or on behalf of each surviving dependent, not as separate awards of income benefits, but as components of a survivors' award. Furthermore, in order to do so, it is not necessary to ignore that the number, type, and duration of the components of a survivors' award may well vary over its life.

■ Workers' Compensation is a creature of statute. KRS 342.120(6) provides that "the employer shall be liable for the payment of all income benefits until the benefits paid have reached a percentage of the full income benefits awarded by the Administrative Law Judge which is equal to the percentage of disability" for which the employer is liable. KRS 342.120(7) directs the Special Fund to pay "[t]he remaining compensation for which such resulting condition would entitle the employee...." Therefore, we conclude that KRS 342.120 clearly requires the apportionment of the total amount of income benefits payable as a result of the worker's injury, regardless of whether the benefit is paid to the worker or to the worker's surviving dependents.

We recognize that a precise determination of what the actual liability to the survivors will prove to be was impossible at the time of making this award. However, we believe that the method for computing the anticipated liability which was employed by the Board measured that liability to the extent which was possible. Therefore, in order to accomplish the apportionment required by KRS 342.120, the expected value of the income benefit for each dependent should be calculated as set forth in the Board's opinion.[1] However, the values of the various income benefits should then be added together, and the sum of the income benefits should be apportioned between the defendants. In this case, the ALJ apportioned liability equally between the employer and the Special Fund; therefore, the employer should pay the entire combined award for the number of weeks necessary to equal its half of the total income benefits awarded. Thereafter, the Special Fund should pay the benefits remaining due.

Accordingly, the decision of the Court of Appeals is hereby reversed, and the case is hereby remanded to an ALJ for the entry of an award that is consistent with this opinion.

All concur.

## ATTACHMENT

### *A P P E N D I X*
### WORKERS' COMPENSATION BOARD'S CALCULATION OF ANTICIPATED BENEFITS

### PURSUANT TO KRS 342.750(1)(b)

*CHILDREN'S AWARD*

STEP 1: A. The oldest child (Christina) turns 18 on June 29, 1994 and is therefore eligible for benefits for 177.29 weeks (from date of death).

    B. Because there are more than two children receiving benefits during this period, she shall share equally in 30% of the deceased's average weekly wage. ($343.02 × 30% = $102.91 per week) Thus, Christina is entitled to $34.30 per week (⅓ of $102.91). [Total value of oldest child's entitlement = $6,081.05.]

   . . . .

STEP 2: A. The middle child (Sherry) turns 18 on December 17, 1996, and is therefore entitled to an equal share of the benefits paid to the oldest child, ($34.30 for 177.29 weeks, or $6,081.05), *plus* an additional 127.42 weeks of benefits.

    B. Because there are only two children receiving benefits after the oldest child reaches majority, the additional weekly payments to the middle child shall be at a weekly rate equal to 15% of the deceased's average weekly wage. ($343.02 × 15% = $51.45 per week).

    1. The value of the additional payments = $6,555.76 ($51.45/week × 127.42 weeks).

    2. The total value of the middle child's entitlement = $12,636.81 ($6,081.05 + $6,555.76).

   . . . .

STEP 3: A. The youngest child (Lori) turns 18 on September 12, 2002, and is therefore entitled to an equal share of benefits paid to the middle child, ($34.30 for 177.29 weeks and $51.45 for 127.42 weeks, or $12,636.81) *plus* an additional 300.72 weeks of benefits.

    B. As the sole eligible child, the additional weekly payments shall be at the rate equal to 15% of the deceased's average weekly wage ($51.45).

    1. The value of the additional payments = $15,472.04 ($51.45/weeks × 300.72 weeks).

    2. The total value of the youngest child's entitlement = $28,108.85 ($12,636.81 + $15,472.04).

   . . . .

*WIDOW'S AWARD:*

    A. Because eligible dependent children will be living with her until the youngest child reaches majority, a period of 605.43 weeks, the widow (Tommie) is entitled to weekly benefits equalling 45% of the deceased's average weekly wage during

---

1. See Appendix for the details of these calculations.

such time, or $154.36 per week. ($343.02 × 45%).

Subtotal of widow's entitlement: $154.36/week × 605.43 weeks = $93,454.18.

B. After payments to all children cease, the widow, born March 4, 1956, is entitled to benefits at 50% of the deceased's average weekly wage for the remainder of her life expectancy which was 45.87 years at the time of death.

  1. Weekly rate is $343.02 × 50% = $171.51.

  2. Life expectancy of widow at the time of death = 2385.24 weeks; thus, remaining period is 1,779.81 weeks. (2385.24 − 605.43):

Subtotal of remaining widow's entitlement: $171.51/week × 1,779.81 weeks = $305,255.21.

Total widow's entitlement: $93,454.18 + $305,255.21 = $398,709.39.