Doyle Lee SOUTHERN, Appellant,

v.

R.B. COAL COMPANY, INC.; Special Fund; John F. Kelley, Jr., Administrative Law Judge; Kentucky Workers' Compensation Board, Appellees.

R.B. COAL COMPANY, INC.,
Cross–Appellant,

v.

Doyle Lee SOUTHERN; Special Fund; John F. Kelley, Jr., Administrative Law Judge; Kentucky Workers' Compensation Board, Cross–Appellees.

Nos. 95–CA–2077–WC, 95–CA–2246–WC.

Court of Appeals of Kentucky.

April 5, 1996.

Modified and Ordered Published May 31, 1996.

Mark L. Ford, Harlan, for appellant Southern.

Gayle G. Huff, Antony Saragas, Harlan, for appellee R.B. Coal Co., Inc.

David W. Barr, Louisville, for appellee Special Fund.

Before JOHNSTONE, MILLER and WILHOIT, JJ.

OPINION

MILLER, Judge:

Doyle Lee Southern and the Special Fund ask us to review a July 7, 1995, opin-

ion of the Workers Compensation Board (board). Ky.Rev.Stat. (KRS) 342.290. The board affirmed the October 28, 1994, award of benefits to Southern for coal workers' pneumoconiosis, but remanded the matter to the Administrative Law Judge (ALJ) for modification of the award to include a provision requiring the "tier down" of benefits pursuant to KRS 342.730(4). We affirm.

■ Southern, who worked as an underground coal miner for over twenty years, was awarded benefits pursuant to KRS 342.732 for total and permanent occupational disability due to category 2 coal workers' pneumoconiosis. Although Southern agrees that his award should be amended to include the "tier down" provisions of KRS 342.730(4), he disagrees with the board's method of applying the statute which reads:

> If the injury or last exposure occurs prior to the employee's sixty-fifth [65th] birthday, any income benefits awarded under KRS 342.750, 342.316, 342.732, or this section shall be reduced by ten percent (10%) beginning at age sixty-five (65) and, by ten percent (10%) each year thereafter until and including age seventy (70). Income benefits shall not be reduced beyond the employee's seventieth (70th) birthday.

Southern argued before the board that the statute should be interpreted as requiring a reduction of the award each year beginning at age 65, by 10% of the previous year's award. Under his interpretation, at age 70, one's award would equal approximately 53% of the original award. The board, however, agreed with the interpretation advanced by the Special Fund, that is that the amendment requires a yearly reduction from ages 65 to 70, by 10% of the original award, thus leaving the claimant with 40% of the original award at age 70. Southern continues to argue that the statute is amenable to two interpretations and does not, as the board held, "plainly" mandate a 60% reduction in benefits. We are not persuaded by Southern's argument that policy considerations require a reversal of the board's opinion. Even if we agreed that the statute is not plain in what method

is to be utilized to calculate the reduction, it is our opinion that the interpretation of the board best reflects the intent of the legislature.

■ In its appeal, the employer, R.B. Coal, Inc., contends the board erred in its holding that the benefits of any reduction pursuant to KRS 342.730(4) would inure to the party responsible for payment at the time of the reduction. In this case, because Southern was 47 years of age when last exposed to coal dust and has a life expectancy of 30.7 years, payment of R.B. Coal's liability of 25% of the award would cease long before Southern's 65th birthday. Instead of being required to pay full benefits for 25% of the weeks of Southern's remaining life expectancy, R.B. Coal argues the board should have utilized a formula to calculate Southern's total income benefits over his life expectancy, including the tier down provision, and determine the number of weeks it would take for it to pay 25% of those benefits.

In rejecting this approach, the board relied on *Pickands Mather & Company v. Newberg*, Ky., 895 S.W.2d 3, 5 (1995), which points out that since 1982, "[t]he length of each defendant's payment period is that portion of the worker's life expectancy which is proportionate to the party's liability." While it is correct that R.B. Coal might pay more than 25% of the award if not given the benefit of the "tier down" provisions, it is just as likely that it will pay less than 25% of the award should Southern live longer than the tables predict. *Id.* Again, *Pickands* teaches that the payment system necessarily creates an "imperfect relationship between a defendant's percentage of liability and the actual sum which is paid on a given award[.]" *Id.*

We are aware of the holding in *Whittaker v. Randall Foods, Inc.*, Ky., 895 S.W.2d 571 (1995), which R.B. Coal insists supports its argument that it is the total income benefits which must be apportioned. However, the *Whittaker* case involved apportionment of survivors' benefits and the court, in our opinion, did not contemplate its holding to cause

the extensive acceleration of the Special Fund's liability which would occur if the "tier down" provisions were factored in to determine an employer's liability.

Accordingly, the opinion of the Workers' Compensation Board is affirmed.

All concur.