LEECO, INC., Appellant,

v.

Lee Roy SMITH; Robert L. Whittaker, Director of Special Fund; J. Landon Overfield, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 98–SC–49–WC.

Supreme Court of Kentucky.

June 18, 1998.

Timothy J. Walker, London, for appellant.

James D. Holliday, Hazard, for appellee Smith.

David Randall Allen, Louisville, for appellee Whittaker.

## OPINION OF THE COURT

This appeal is the sequel to *Smith v. Leeco, Inc.*, Ky., 897 S.W.2d 581 (1995), which concerned a 1991 claim for income benefits pursuant to KRS 342.732(1)(d). In the original proceeding, an Administrative Law Judge (ALJ) determined that claimant suffered from category 2 coal workers' pneumoconiosis. However, since claimant continued to be employed in the coal industry, the claim was dismissed. Subsequently, this Court rejected claimant's assertion that he was entitled to receive income benefits for total disability while he continued in the employment. We explained that, although he was entitled to an award under the standards set forth in KRS 342.732(1)(d), the payment of benefits could not begin before the date of last injurious exposure or actual disability, whichever last occurred. KRS 342.316(1)(b). Reminding him that the purpose of income benefits is to replace lost income, we concluded that claimant was not entitled to receive the income benefits authorized by the award while he continued in the employment. In response to claimant's argument that a working miner would be forced to quit his job before he knew whether income benefits would be awarded, we determined that the award could be held in abeyance for so long as he

continued in the same employment and that the claim had been improperly dismissed.[1]

Subsequently, claimant applied for the receipt of benefits and presented evidence that his last injurious exposure occurred on June 30, 1995. He asserted that, although his entitlement was established in the original proceeding, benefits should be determined at the 1995 rate. A question also arose over the extent to which defendants share in the "tier down" of benefits provided by KRS 342.730(4).

In affirming the decisions below, the Court of Appeals stated its belief that this Court had intended to hold the "claim" in abeyance, rather than the "award" and determined that since benefits were payable from the date of last injurious exposure, they were payable at the rate which was effective on that date. The "tier down" issue was decided in the Special Fund's favor in accordance with *Southern v. R.B. Coal Co., Inc.*, Ky.App., 923 S.W.2d 902 (1996).

The employer appeals, asserting that since claimant was entitled to an award upon the filing of the claim, in 1991, the benefit rate should have been fixed as of that time. The second argument is that *Southern* should be overruled with regard to the "tier down."

Before the enactment of KRS 342.732 and presumptions of disability based solely upon medical evidence, it was well settled that a worker who continued in the same employment was not disabled by occupational disease and, therefore, not entitled to receive income benefits. *Allen v. Com., Dept. of Highways*, Ky.App., 425 S.W.2d 283 (1968). It was also well settled that, regardless of the circumstances, the law on the date of last injurious exposure fixed the rights of the parties. *Maggard v. International Harvester Company*, Ky., 508 S.W.2d 777 (1974). Since the 1987 amendments to the Workers' Compensation Act, KRS 342.732(1)(d), KRS 342.316(1)(b) and KRS 342.040(1), all of which are mandatory, separate the conditions for awarding an income benefit for pneumo-

coniosis from the conditions for beginning payment of the benefit. Furthermore, until 1994, they did not prohibit the filing of a claim by a working miner. Hence, the first question presented by this appeal arises only because three circumstances are present: 1.) a meritorious claim for income benefits pursuant to KRS 342.732 was filed by a working miner, 2.) it was filed pursuant to the law as it existed between October 26, 1987, and April 4, 1994, and 3.) the award was held in abeyance while the affected worker continued in the same employment.

In 1991, no fewer than three statutes addressed the payment of income benefits on these facts. KRS 342.732(1)(d) provided, in pertinent part, that:

If the administrative law judge finds that an employee has occupational pneumoconiosis with a radiographic classification of category 2/1, ... there shall be an irrebuttable presumption that the employee is totally disabled resulting from exposure to coal dust and the administrative law judge shall award income benefits equal to sixty-six and two-thirds percent (66 2/3%) of the employee's average weekly wage but not more than one hundred percent (100%) of the state average weekly wage and not less than twenty percent (20%) of the average weekly wage of the state as determined by KRS 342.740. Income benefits awarded under this paragraph shall be payable to the employee during such disability.

KRS 342.316(1)(b) provided, in pertinent part, that:

The time of the beginning of compensation payments shall be the date of the employee's last injurious exposure to the cause of the disease, or the date of actual disability, whichever is later, ....

Finally, KRS 342.040(1) provided, in pertinent part, that:

All income benefits shall be payable on the regular payday of the employer, commencing with the first regular payday after

---

1. Before this Court's decision in *Smith v. Leeco, Inc.*, KRS 342.732(1)(b), (c), and (d) had already been amended to prohibit the filing of a claim while a worker continued to work in the mining industry. *Acts*, 1994, Ch. 181, § 26. The record of that proceeding reflects that the employer referred to the amendment in support of its argument that claimant's request should be rejected although the argument was not addressed in the opinion of the Court.

seven (7) days after the injury or disability resulting from an occupational disease,

. . . .

■ It is apparent that the language of KRS 342.732(1)(d) is mandatory in two respects. Not only does it employ an irrebuttable presumption of total occupational disability, it also requires the entry of an "award" where a finding of category 2 disease is made. However, just as it did before 1987, KRS 342.316(1)(b) continues to provide that the time for beginning payment shall be the date of last injurious exposure or actual disability, whichever last occurs. Reading these three provisions in concert, considering the purpose of the income benefit, and mindful that the present appeal traces back to claimant's desire to ensure his entitlement to an award under the law which was in existence at the time he filed his claim, we conclude that an award which has been held in abeyance is payable at the rate in effect at the time the benefit was sought, with the payment of benefits beginning at the time the conditions of KRS 342.316(1)(b) are met.

See *Meade v. Spud Mining*, Ky., 949 S.W.2d 584 (1997).

■ Consistent with our recent decision in *Leeco, Inc. v. Crabtree*, Ky., 966 S.W.2d 951 (1998), we reverse with regard to the "tier down" issue. The employer and the Special Fund are entitled to share proportionally in whatever benefit reduction occurs during the period between age 65 and the end of claimant's projected life expectancy.

The decision of the Court of Appeals is hereby reversed, and the matter is remanded to the ALJ to enter an award at the 1991 benefit rate and to reapportion liability for the award.

All concur.