Robert L. WHITTAKER, Director of Special Fund, Appellant,

v.

Nina M. CECIL; Trim Masters, Inc.; Sheila C. Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2001-SC-0321-WC.

Supreme Court of Kentucky.

Jan. 17, 2002.

Case Ordered Published by Supreme Court March 21, 2002.

David R. Allen, Labor Cabinet—Special Fund, Frankfort, Counsel for Appellant.

Robert L. Catlett, Jr., Louisville, Counsel for Cecil.

Thomas L. Ferreri, James G. Fogle, Ferreri & Fogle, Louisville, Counsel for Trim Masters.

## MEMORANDUM OPINION
## OF THE COURT

After sustaining a work-related back injury, the claimant was awarded income benefits for permanent, total disability, with a tier-down of benefits beginning at age 65. The parties stipulated to 50% apportionment, and consistent with the then-current interpretation of the law, the award provided that all income benefits were to be paid by the employer for the initial 50% of the claimant's life expectancy, with the Special Fund paying all benefits thereafter. The award was affirmed by the Workers' Compensation Board (Board), and no further appeal was taken.

The claimant and her employer later agreed to settle its liability for the initial 50% of the claimant's life expectancy, but referring to a post-award decision of this Court, the employer reserved its right to proceed against the Special Fund with regard to the manner of apportionment. Then, more than two and one-half years

after the award became final, the employer moved for a ruling on apportionment under 803 KAR 25:075, § 3, asserting that under the most recent interpretation of the law it was liable only until it had paid half of the anticipated amount of benefits. The Special Fund maintained, however, that further litigation of the matter was barred, pointing out that the award was final, that it held the employer liable for the initial half of the number of weeks of the claimant's life expectancy, and that it was consistent with the interpretation of the law that prevailed when it was entered. Although the Administrative Law Judge (ALJ) adopted the employer's position, a majority of the Board was of the opinion that the doctrine of *res judicata* precluded the employer from raising the issue after the award was final. Following a decision by the Court of Appeals to reverse the Board on the ground that the manner of apportionment was not adjudicated on the merits in the initial proceeding, the Special Fund appeals.

KRS 342.730(4) became effective on April 4, 1994, several months before the claimant's injury. It is commonly referred to as the "tier-down" provision because it required a periodic reduction in income benefits beginning at age 65. The claimant injured her back on August 16, 1994; therefore, the tier-down provision governed her award. On May 31, 1996, *Southern v. R.B. Coal Co., Inc.*, Ky.App., 923 S.W.2d 902 (1996), established that in a tiered-down award each defendant was responsible for the income benefits that accrued during its apportioned share of the worker's life expectancy. Under the decision, the Special Fund profited from most or all of the reduction in income benefits because its payment period came at the end of an award. On August 29, 1996, approximately three months after the decision, the ALJ entered the claimant's award, setting forth the number of weeks of her life expectancy and ordering the employer to make the initial payments of income benefits "for the number of weeks proportionate to its 50% liability according to the [claimant's] life expectancy." The employer did not file a petition for reconsideration that asserted a patent error in the manner of apportionment, and when appealing the award, the employer asserted only that a finding of total disability was not supported by the evidence. It did not assert an error in the manner in which the award was apportioned. The Board affirmed in January, 1997, and the award having become final, an order awarding the claimant's attorney a fee was entered in April, 1997.

On April 16, 1998, we rendered our decision in *Leeco v. Crabtree*, Ky., 966 S.W.2d 951 (1998), overruling *Southern v. R.B. Coal Co., Inc., supra*, and determining that it was the anticipated amount of benefits that should be apportioned in a tiered-down award. *See also, Leeco v. Smith*, Ky., 970 S.W.2d 337 (1998). Thus, under *Leeco v. Crabtree*, the employer and Special Fund would benefit proportionally from the tier-down provision. Subsequently, on July 27, 1999, the claimant and the employer entered into the post-award agreement, and on September 23, 1999, the employer moved for a ruling on apportionment under 803 KAR 25:075, § 3, a regulation that permits an employer to challenge the Special Fund's calculation of the employer's credit for commuted attorney's fees.

In *Keefe v. O.K. Precision Tool & Die Co.*, Ky.App., 566 S.W.2d 804, 805 (1978), a worker sought to have his final award reopened in order to apply a subsequent interpretation of the law that would have increased his benefit. Concluding that the sought-after interpretation should apply only prospectively, the Court ex-

plained that the doctrine of *res judicata* (also known as the doctrine of the finality of judgments) is basic to our legal system and stands for the principle that once the rights of the parties have been finally determined, litigation should end. Thus, where there is an identity of parties and an identity of causes of action, the doctrine precludes further litigation of issues that were decided on the merits in a final judgment. *Newman v. Newman*, Ky., 451 S.W.2d 417, 419 (1970). Although the doctrine does not act as a bar in a subsequent proceeding if the issues or questions of law are different, a corollary of the doctrine is that a party may not split a cause of action. As a result, a final judgment precludes subsequent litigation not only of those issues upon which the court was required to form an opinion and pronounce judgment but also of matters included within those issues and matters that, with the exercise of reasonable diligence, might have been raised at the time. *Id.; Hays v. Sturgill*, 302 Ky. 31, 193 S.W.2d 648, 650 (1946). The application of these principles to final workers' compensation awards is grounded in the fact that because there is an extensive procedure for taking appeals, an award that has become final is enforceable as a final judgment under KRS 342.305 and should not be disturbed absent fraud, mistake, or other very persuasive reason that would warrant a reopening under KRS 342.125. One such reason is a mistake in applying the law as it existed on the date of injury. *Wheatley v. Bryant Auto Service*, Ky., 860 S.W.2d 767, 769 (1993).

■ In the instant case, there is no dispute that on the date of injury KRS 342.1202 mandated equal apportionment of an award involving a preexisting condition of the back, that KRS 342.730(4) required a tier-down of the award, or that the method for apportioning a tiered-down award

had yet to be addressed by the courts. Likewise, there is no dispute that *Southern v. R.B. Coal Co., Inc., supra*, was controlling authority on the proper interpretation of KRS 342.730(4) at the time the award was entered. Although the ALJ did not cite to the decision, it is clear that the ordered apportionment was consistent with the decision. What is truly in dispute is whether, having failed to question the proper method of apportionment in either the initial proceeding or in its appeal of the award, the employer may use 803 KAR 25:075, § 3 as a pretext to obtain what amounts to an amendment of the ordered apportionment. We are not persuaded that it may do so.

Although it is clear that the method of apportionment that was set forth in *Southern v. R.B. Coal Co., Inc., supra*, and that was ordered by the ALJ in 1996 was contrary to the view that the employer now espouses, the employer failed to challenge the method of apportionment either in a petition for reconsideration or in its appeal to the Board. After the award became final, it could be amended only by means of a reopening. Unlike the situation in *General Electric v. Morris*, Ky., 670 S.W.2d 854 (1984), upon which the employer relies, this case did not involve a proper reopening and a post-award change in the worker's condition that the final award could not have addressed. It involved an employer's attempt to have a post-award interpretation of the law applied to a final award in the absence of a ground for reopening. Furthermore, that interpretation involved a question that could have been foreseen when the award was entered, that should have been raised with the exercise of due diligence, and that is properly viewed as coming within the decision on the merits. We note, for example, that in *Leeco v. Crabtree, supra*, a question concerning the proper apportionment of a tiered-down award was raised during litiga-

tion of the claim, and it was pursued on appeal. Whereas, in the instant case, the employer simply failed to raise an argument in the initial proceeding that the decision in *Southern v. R.B. Coal Co., Inc., supra*, was erroneous and should be overruled.

It is obvious that the ALJ who conducted the initial proceeding could not have erred by failing to apply an interpretation of the law that occurred after his decision was entered. Thus, our subsequent interpretation of the law in *Leeco v. Crabtree, supra*, was not a basis for reopening this final award under the authority of *Wheatley v. Bryant, supra*, and amending it. The facts remain: 1.) that the ALJ applied the law on the date of injury as it had been interpreted by the courts at the time of the award; 2.) that the employer failed to assert in the initial proceeding that the amount of benefits rather than the number of weeks of life expectancy should be apportioned; 3.) that with the exercise of due diligence, the manner in which the award was apportioned should have been raised in the initial proceeding; and 4.) that the manner of apportionment properly came within the merits of the final award and was specifically addressed in its terms. We conclude, therefore, that the award acted as a bar to further consideration of the matter.

803 KAR 25:075 contains a formula for use by the Special Fund in calculating the credit for benefits that were commuted to pay the worker's attorney fee and a formula for calculating the employer's share. Although 803 KAR 25:075, § 3 permits an employer to contest the Special Fund's "application" of either formula, it does not authorize a challenge to the terms of a final award. In the instant case, there is no indication that the Special Fund's calculation of either the employer's share of the commuted benefits or of the credit was inconsistent with the appropriate formula as applied to the manner of apportionment that was ordered in the final award. Under those circumstances, the motion should have been denied.

The decision of the Court of Appeals is reversed.

All concur.