# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.



# Supreme Court of Kentucky

## 2019-SC-000224-WC

MIRANDA MORRIS        APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.        CASE NO. 2018-CA-00111
WORKERS' COMPENSATION BOARD NOS. 87-WC-17285,
89-WC-03216, 90-WC-04415, 90-WC-12160


NAEGLE OUTDOOR ADVERTISING; HON.        APPELLEES
DOUGLAS W. GOTT, ADMINISTRATIVE
LAW JUDGE AND WORKERS'
COMPENSATION BOARD


## MEMORANDUM OPINION OF THE COURT

## AFFIRMING


Miranda Morris appeals from the Court of Appeals' Opinion affirming the

Workers' Compensation Board Opinion which upheld the Chief Administrative

Law Judge's (CALJ) denial of Morris's petition for reconsideration, on grounds

that the full mouth dental restoration which Morris sought was not

compensable because the work-relatedness of such treatment was decided in a

prior medical fee dispute. The issue was therefore barred from re-litigation

under the doctrine of res judicata. Having reviewed the record and applicable

law, we affirm.

## I. Factual and Procedural Background.

During the course of her employment with her former employer, Naegle Outdoor Advertising ("Naegle"), Morris was injured in four separate car accidents, occurring in 1987, 1988, 1989 and 1990. She sustained injuries to her head, neck, back and temporomandibular joint (TMJ),[1] as well as psychological injuries. Her four claims were consolidated into one workers' compensation case, which has spanned over thirty-one years, with more than $627,000 having been paid for medical and dental expenses.

In 1995, Morris and Naegle entered into an ALJ-approved settlement agreement resolving the income benefits payable to Morris for the four separate injury claims. With respect to future medical benefits, the parties retained the right to reopen the settlement to contest or compel payment.

The present claim arose from Morris seeking payment for a full mouth dental restoration. She had previously sought compensation for virtually the same treatment in 2011, which the ALJ denied. Because the ALJ in 2011 had already decided that the treatment was not compensable, Morris's present claim was denied by the CALJ in 2017. Given the extensive proof submitted in this case since its inception, we will limit recitation of the facts to those concerning the present claim, and find the Court of Appeals' summary concise:

> Prior to the settlement, Morris underwent three surgical
> procedures to treat her TMJ condition. Following the settlement,
> Morris was further treated for her TMJ condition by Dr. Louis

---

[1] The joint that connects the jaw to the temporal bones of the skull. https://www.webmd.com/oral-health/guide/temporomandibular-disorders-tmd#1 (last visited May 6, 2020).

2

Mercuri and by Dr. George Kushner. Dr. Kushner performed TMJ surgery on Morris in 1997 and 2005, including a replacement of the TMJ joints. The artificial joints were later removed. In 2003, Dr. Kushner referred Morris to Dr. David Fox for dental treatment. Dr. Fox performed a full dental reconstruction in 2003. It is unclear who paid for this procedure.

In 2009, Dr. Fox consulted Dr. Kushner about a full mouth restoration, but Dr. Kushner advised against extensive restoration of Morris's crowns and bridgework due to TMJ issues. Morris then consulted Dr. Dennis Jenkins who recommended the restoration of the crowns and bridgework of twenty-two teeth. Naegle disputed the proposed treatment on the grounds that it was a routine dental follow-up and cosmetic procedure unrelated to any of Morris's work injuries.

The ALJ, Howard E. Frasier, agreed with Naegle, finding that Dr. Jenkins's proposed treatment was not work-related. ALJ Frasier's opinion observed that, unlike the TMJ condition that was specifically mentioned in the settlement agreement and for which multiple surgeries had been performed, no express mention was made in the settlement agreement of any strictly "dental" injury. After considering the opinions of Dr. Kushner and Dr. Jenkins regarding work-relatedness, the ALJ found Dr. Kushner to be more credible because he had been treating Morris for much longer. "While Dr. Jenkins has expressed an opinion on work-relatedness, he has only recently come on the scene, and the undersigned finds the testimony of Dr. Kushner to be more credible that the TMJ condition, at least from a dental aspect, had stabilized in 2009." The ALJ also addressed the compensability of Dr. Fox's recommendation of tooth cleaning every three months. "Regular teeth cleaning is a common hygienic practice for all persons to follow, and [Morris] has simply not shown how this would in 2011 have a causal connection to the original work injuries."

Morris appealed, challenging the ALJ's conclusion that the dental restoration was not work-related. On December 22, 2011, the Board affirmed the ALJ's determination that the dental work and tooth cleaning were not work-related or reasonable and necessary and were consequently not compensable.

Morris thereafter consulted several other doctors and was eventually treated by Dr. Pasquale Malpeso, an oral surgeon in New York City. Naegle filed a medical dispute, arguing that it was the same dental treatment that was deemed non-compensable in the earlier action. The parties reached a compromise agreement

3

under which Naegle agreed to pay for Morris to be treated by Dr. Sarah Johnson, a Louisville prosthodontist. Dr. Johnson planned to remove Morris's crowns and rebuild the cores with possible implants and root canals. Morris became dissatisfied with Dr. Johnson and actually removed and reglued different sets of temporary provisional prosthodontic pieces. Morris refused any further treatment from Dr. Johnson and returned to treatment with Dr. Malpeso and then with her cousin, Dr. Claudette Gibson. Naegle challenged the bills of both these physicians, arguing that the earlier proceeding had determined the dental treatment was not work-related and that the matter was therefore res judicata. Naegle ultimately settled with Dr. Johnson, but maintained its challenge to treatment by Dr. Malpeso, Dr. Gibson and Dr. Goodman, a specialist in Beverly Hills who provided a similar treatment plan to that proposed by Dr. Malpeso, for a fee of $150,000.

Following the final hearing, the CALJ determined that Morris was not entitled to medical benefits for the dental restoration because the claim was barred by the doctrine of res judicata. His opinion states in relevant part as follows:

"[T]he most glaring conclusion is that a full-mouth restoration treatment plan has already been decided. The prior medical dispute involved a $42,575.00 treatment plan from Dr. Jenkins to restore . . . Morris' teeth, and that is the same treatment at issue now.

The prior ALJ [Frasier] found the proposed treatment unrelated to the "TMJ" injury identified in the settlement agreement, and also not reasonable and necessary. A finding of reasonableness and necessity of treatment is a snapshot in time, and can later be decided another way given a change in circumstances. But a finding on relatedness is different. It is res judicata, and not capable of being set aside."

2018-CA-001111-WC, at *3–6 (Ky. App. Mar. 29, 2019).

Morris filed a petition for reconsideration, which the CALJ denied, and the Board subsequently affirmed the CALJ's decision. On appeal, the Court of Appeals affirmed the Board. This appeal by Morris followed.

## II. Standard of Review.

In *Active Care Chiropractic, Inc. v. Rudd*, 556 S.W.3d 561 (Ky. 2018), we

4

reiterated the proper standard of review for workers' compensation decisions.

> We review statutory interpretation de novo. The well-established standard for reviewing a workers' compensation decision is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. Finally, review by this Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.

*Id.* at 564 (citations and quotations omitted).

### III. Analysis.

Morris argues that the CALJ erred in dismissing her claim for a full mouth dental restoration based on the doctrine of res judicata. She maintains that Naegle failed to preserve the issue of res judicata for the CALJ's review, and that the ALJ's findings in 2011 regarding her claim for full mouth dental restoration only pertained to her claim at that time and not now. Thus, she asserts that the ALJ's 2011 findings should not bar re-opening of her claim.

The doctrine of res judicata, also known as the doctrine of finality of judgments, "stands for the principle that once the rights of the parties have been finally determined, litigation should end. Thus, where there is an identity of parties and an identity of causes of action, the doctrine precludes further litigation of issues that were decided on the merits in a final judgment." *Whittaker v. Cecil*, 69 S.W.3d 69, 72 (Ky. 2002). As applied to workers' compensation cases, a final decision of an ALJ should not be disturbed except to address "an allegation of fraud, newly discovered evidence, or mistake[.]" *Garrett Mining Co. v. Nye*, 122 S.W.3d 513, 522 (Ky. 2003).

With respect to preservation, Morris contends that Naegle failed to raise

5

res judicata as an issue before the CALJ. However, in its 2017 order denying Morris's petition for reconsideration, the CALJ found that while "the parties did not emphasize the res judicata issue in their argument of this case, . . . the issue was clearly preserved by the Defendant [Naegle] in its Form 112's that were incorporated into the orders summarizing the issues to be decided in this medical dispute." The CALJ further found that "[t]he remainder of the petition is a re-argument of the merits, contrary to KRS 342.281, and the CALJ's lengthy Opinion provides more than sufficient explanation for his findings to allow meaningful appellate review."

On review, both the Board and Court of Appeals held that the record confirmed the CALJ's ruling, noting that in its medical fee dispute, Naegle challenged the compensability of the treatment by Dr. Malpeso, arguing that "the proposed treatment is not compensable under the principles of res judicata," and that Morris had previously submitted a treatment plan for this dental work which the ALJ in 2011 had "determined . . . was not reasonable, necessary and related to the work related injuries." Attached to the medical dispute forms Naegle filed in the present matter are copies of the ALJ's 2011 opinion and Board opinion affirming it. The CALJ subsequently entered an order incorporating the medical fee dispute and Form 112's in its list summarizing the issues to be decided. We agree with the Court of Appeals and Board that Naegle's statement on the medical dispute forms, with reference to the ALJ's prior resolution of this issue in 2011, and inclusion of the prior opinions, sufficiently preserved the issue for our review.

Regarding whether the CALJ correctly determined that the ALJ's 2011

6

findings barred Morris from relitigating the compensability of a full mouth dental restoration, Morris argues that the ALJ's 2011 opinion had not actually ruled on the issue of work-relatedness, finding only that the dental restoration work she sought was not reasonable or necessary. However, as the CALJ in its 2017 order denying Morris's petition for reconsideration stated, "Plaintiff [Morris] attempts to characterize ALJ Frasier's Opinion in 2011 as ruling on the reasonableness and necessity of the same dental restoration work that is at issue now, but the prior ALJ plainly found the proposed dental work was not connected with the work related TMJ condition." Indeed, the ALJ's 2011 opinion expressly concluded that Morris had not met her burden of proving that the full mouth dental restoration was work-related.

The dental work Morris is now seeking is virtually the same as that which she sought in 2011, and which was deemed not work-related. Nonetheless, Morris asserts that the ALJ's 2011 findings were only pertinent to her claim at that time, and not now. Along these lines, she maintains that she is a victim of failed dentistry and that her continuing dental problems stem from her work-related TMJ injury and surgery. The Court of Appeals observed that Morris has not shown or explained how a procedure that was not work-related then has become work-related now. *See Smith v. Parker Seal Co.*, No. 2004-SC-0257-WC, 2005 WL 2045563, at *5 (Ky. Aug. 25, 2005) (holding that under principles of res judicata, prior ALJ's finding of work-relatedness for claimant's thumb joint arthritis should not have been readdressed upon reopening). *But see Kuhlman Elec. Corp. v. Cunigan*, No. 2014-SC-000189-WC, 2014 WL 7238612, at *4 (Ky. Dec. 18, 2014) (claimant made a *prima facie*

showing of "mistake" to reopen his award pursuant to KRS 342.125(1)(c) because of doctors' misdiagnosis).

While we decline to adopt the Court of Appeals' broad statement that once a procedure has been deemed non-work-related it cannot become work-related, in this case, Morris has failed to prove causation or work-relatedness between her work injuries and the full mouth dental restoration for which she seeks compensation. Accordingly, the CALJ correctly held that Morris's present claim for full mouth dental restoration could not be re-litigated.

## IV. Conclusion.

For the foregoing reasons, the Court of Appeals' Opinion is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Charles E. Jennings
Jennings Law Office


COUNSEL FOR APPELLEE
NAEGLE OUTDOOR ADVERTISING:

Charles Patrick Fulton
Judson Fuller Devlin
Fulton & Devlin, LLC

CHIEF ADMINISTRATIVE LAW JUDGE:

Hon. Douglas W. Gott:

Not Represented by Counsel

COUNSEL FOR APPELLEE
WORKERS' COMPENSATION BOARD:

Michael W. Alvey