ᴵRENDERED:  OCTOBER 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1012-MR

MARCUS D. JEFFERSON  APPELLANT

v.  APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE DIANE MINNIFIELD, JUDGE
CASE NOS. 17-CR-1215 & 17-CR-1430

COMMONWEALTH OF KENTUCKY  APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE:  Marcus D. Jefferson appeals from a Fayette Circuit Court order denying his *pro se* motion for relief under Kentucky Rules of Civil Procedure (CR) 60.02.  Relying on *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023), Jefferson argues the trial court erred in ordering his sentences under two separate indictments to run consecutively, resulting in a total sentence that exceeds the

maximum aggregate sentence cap in Kentucky Revised Statutes (KRS) 532.110(1)(c). Upon careful review, we reverse and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Jefferson was indicted on October 30, 2017, on three counts of second-degree burglary and one count of being a first-degree persistent felony offender (PFO) (Indictment No. 17-CR-01215). Prior to the resolution of the charges, he was released on bond and committed another robbery in November 2017. Subsequently, he was indicted on December 19, 2017, on one count of second-degree burglary and one count of first-degree PFO (Indictment No. 17-CR-01430). On May 21, 2018, he entered guilty pleas under both indictments and was sentenced to twelve years on the first indictment and ten years on the second indictment, to be served consecutively for a total sentence of twenty-two years.

On December 6, 2019, Jefferson filed a motion pursuant to CR 60.02, arguing that his sentencing violated the maximum aggregate sentence cap in KRS 532.110(1)(c) because his total sentence exceeded the twenty-year maximum sentence permitted under KRS 532.080. The circuit court denied the motion, finding it untimely and without merit, stating in part as follows:

> Movant claims that he is entitled to relief since the Court ran the sentences for a period of greater than twenty (20) years but fails to realize that statutory limitations on a sentence in a case are given to just that, one case. Here, the Defendant was found to be guilty under not only multiple counts but two (2) cases as well, 17-CR-1215

and 17-CR-1430. Because this Court did not violate the statutes at play here in giving this Defendant a sentence of greater than twenty (20) years in a single case; the movant has failed to meet his burden of proof[.]

Jefferson filed an appeal that was ultimately dismissed on January 27, 2022, for failure to file an appellant's brief.

On April 27, 2023, the Kentucky Supreme Court rendered *Kimmel*, *supra*, which resolved the conflict that arises when the total of the consecutive sentences required under KRS 533.060 exceeds the maximum aggregate sentence cap set forth in KRS 532.110. The Court held that the sentencing cap prevails. *Kimmel*, 671 S.W.3d at 239.

On July 23, 2024, Jefferson filed a successive motion under CR 60.02, citing *Kimmel* to support his argument that under KRS 532.110(1)(c), his total sentence could not lawfully exceed twenty years. The circuit court summarily denied the motion, and this appeal by Jefferson, acting *pro se*, followed.

**STANDARD OF REVIEW**

We review the trial court's denial of a motion pursuant to CR 60.02 under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). An abuse of discretion occurs when a "trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). When a claimant succeeds in demonstrating that his sentence "lies outside the statutory limits," it "is

an illegal sentence, and the imposition of an illegal sentence is inherently an abuse

of discretion." *McClanahan v. Commonwealth*, 308 S.W.3d 694, 701 (Ky. 2010).

## ANALYSIS

When a person commits a criminal offense while awaiting trial for

another offense, KRS 533.060(3) requires the trial court to impose consecutive

sentences:

> [w]hen a person commits an offense while awaiting trial
> for another offense, and is subsequently convicted or
> enters a plea of guilty to the offense committed while
> awaiting trial, the sentence imposed for the offense
> committed while awaiting trial shall not run concurrently
> with confinement for the offense for which the person is
> awaiting trial.

At the time of Jefferson's sentencing, KRS 532.110(1)(c)[1] stated:

> The aggregate of consecutive indeterminate terms shall
> not exceed in maximum length the longest extended term
> which would be authorized by KRS 532.080 for the
> highest class of crime for which any of the sentences is
> imposed.

---

[1] KRS 532.110(1)(c) was amended, effective July 15, 2024, to read: "Except as provided in paragraph (d) of this subsection, the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed, *except as described in KRS 533.060(2) or (3)*." (Emphasis added.) However, the retroactive application of new rules is proscribed. "The proscription against 'applying new rules retroactively once a judgment is final on direct review makes sense, given the interest in finality of judgments.' . . . To permit otherwise would wholly vitiate the finality of judgments in that each change in the law would allow or require relitigation of the facts and law of every case." *Campbell v. Commonwealth*, 316 S.W.3d 315, 320 (Ky. App. 2009) (citation omitted).

In *Kimmel*, the Kentucky Supreme Court addressed which of these statutory provisions controls when the total length of consecutive sentences imposed under KRS 533.060(3) exceeds the maximum sentence authorized under KRS 532.110(1)(c). In order to "harmonize and give effect to both statutes," the *Kimmel* Court concluded that "while sentences under KRS 533.060(3) must be consecutive, the resulting total term of years cannot violate the maximum aggregate sentence cap set forth in KRS 532.110(1)(c)." *Kimmel*, 671 S.W.3d at 239.

The highest degree of crime committed by Jefferson, second-degree burglary, is a Class C felony. KRS 511.030(2). He was also convicted of being a persistent felony offender in the first degree. The PFO sentencing statute, KRS 532.080, states:

> If the offense for which he presently stands convicted is a Class C or Class D felony, a persistent felony offender in the first degree shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than ten (10) years nor more than twenty (20) years.

KRS 532.080(6)(b).

Jefferson argues that under *Kimmel*, the trial court violated KRS 532.110(1)(c) in imposing a sentence exceeding twenty years. The Commonwealth disagrees, arguing that Jefferson's claim is both procedurally barred and without merit.

Because Jefferson's first appeal was dismissed for failure to file an appellant's brief, the Commonwealth contends that the previous judgment denying the CR 60.02 motion has become the law of the case or *res judicata* and cannot be challenged again.

The law-of-the-case doctrine "refers to a handful of related rules giving substance to the general principle that a court addressing later phases of a lawsuit should not reopen questions decided by that court or by a higher court during earlier phases of the litigation." *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010). *Res judicata*, also known as the doctrine of finality of judgments, is a related concept. *Whittaker v. Cecil*, 69 S.W.3d 69, 72 (Ky. 2002). It "stands for the principle that once the rights of the parties have been finally determined, litigation should end." *Id.* (citation omitted). "Thus, where there is an identity of parties and an identity of causes of action, the doctrine precludes further litigation of issues that were decided on the merits in a final judgment." *Id.* (citation omitted). *Res judicata* also precludes litigation of "issues and matters that, with the exercise of reasonable diligence, might have been raised at the time." *Id.* (citation omitted).

But Jefferson's claim is not barred by these doctrines because the trial court has ongoing, inherent authority to correct an unlawful sentence at any time. *Phon v. Commonwealth*, 545 S.W.3d 284, 308 (Ky. 2018). In *Phon*, the appellant

filed successive post-conviction motions challenging his sentence. The Kentucky

Supreme Court held that his claims were not procedurally barred because:

> [I]llegal sentences are considered void and correctable at any time, as contrasted to an attack on the underlying conviction. If the sentence goes beyond the jurisdiction of the court imposing it, then it must be considered a legal nullity. . . . [A] sentence imposed beyond the limitations of the legislature as statutorily imposed is unlawful and void.

*Id.* at 305; 304. Because "[u]nder our Constitution, it is the legislative branch that

by statute establishes the ranges of punishments for criminal conduct[,] [i]t is error

for a trial jury to disregard the sentencing limits established by the legislature, and

no less erroneous for a trial judge to do so by the acceptance of a plea agreement

that disregards those statutes." *Id*. at 303 (internal quotation marks and citation

omitted). "Illegal sentences must always be correctable. To hold otherwise would

fly in the face of the separation of powers doctrine and grant the judiciary powers it

was never intended to hold." *Id.* at 307.

The *Kimmel* opinion is a clarification of the pertinent sentencing

statutes, and as such, its holding applies retroactively. "[A] clarification of an

already existing statute, that remained in relevant form identical to the version

existing at the time of [the defendant's] sentencing, . . . must apply . . .

retroactively." *Phon*, 545 S.W.3d at 301.

The unpublished opinions cited by the Commonwealth to support its argument that Jefferson's claim is procedurally barred are distinguishable because they do not involve claims of sentencing error. Two of the opinions address appeals in civil cases in which sentencing is not an issue. The third opinion concerns a post-conviction appeal by a defendant challenging the voluntariness of his guilty plea on the grounds of ineffective assistance of counsel. He raised the claim in a previous motion, which was denied by the trial court. Like Jefferson, he appealed the judgment but failed to file an appellant's brief, with the result that his appeal was dismissed. He filed a second post-conviction motion raising the same allegations. A panel of this Court held that the trial court's first order regarding the voluntariness of his plea had become the law of the case, and the defendant could not relitigate those same issues as part of a new motion and new appeal. *Bryant v. Commonwealth*, No. 2016-CA-000753-MR, 2017 WL 3669075, at *2 (Ky. App. Aug. 25, 2017). But Jefferson's motion is not an attack on the voluntariness of his plea. It alleges a sentencing error which, because it implicates the jurisdiction of the trial court, can be raised at any time.

The Commonwealth further argues that, even if Jefferson's claim is not procedurally barred, it is without substantive merit because the sentence cap does not apply when the sentences at issue arise from separate indictments. The Commonwealth relies on a recent unpublished opinion of the Kentucky Supreme

-8-

Court, *Bryant v. Commonwealth*, No. 2023-SC-0218-MR, 2024 WL 3930042 (Ky. Aug. 22, 2024, *reh'g denied* (Dec. 19, 2024), which affirmed a trial court's order of consecutive sentences, even though the total length of the sentences violated the cap. Like Jefferson, Bryant was out of jail on bond when he committed additional offenses. The important distinction, however, is that he had already entered a guilty plea to the earlier charges and was awaiting sentencing. *Bryant*, 2024 WL 3930042, at *5. Therefore, his two cases could not be, and were not, tried together.

The same situation was recently addressed by the Kentucky Supreme Court in *Wynn v. Commonwealth*, 713 S.W.3d 122 (Ky. 2025). Wynn pled guilty to three charges, was released on bond, and was subsequently charged with one count of first-degree bail jumping and one count of being a first-degree persistent felony offender. Wynn was thereafter sentenced to a seven-year term of imprisonment, resulting from his initial criminal charges, before he was tried for first-degree bail jumping. The Supreme Court held that the aggregate sentence cap did not apply, because "[u]nlike the appellant in *Kimmel*, Wynn could *not* have elected to have his multiple felony charges tried together because he had already pled guilty to possession of a firearm by a convicted felon prior to being charged with first-degree bail jumping." *Wynn*, 713 S.W.3d at 133. The Court emphasized this "distinction is crucial because the sentencing cap statute, KRS 532.110(1)(c), does not extend to sentences resulting from previous cases, *i.e.*, those sentences

-9-

resulting from a previous indictment and trial." *Id.* (internal quotation marks and citations omitted).

At the time he committed the offenses which led to the second indictment, Jefferson had not pled guilty or been convicted of the charges under the first indictment. He was still "awaiting trial" on the charges in the first indictment and, therefore, the sentencing cap in KRS 532.110(1)(c) was applicable in his case.

## CONCLUSION

For the foregoing reasons, the Fayette Circuit Court's order denying Jefferson's CR 60.02 motion is reversed, and the matter is remanded for resentencing in accordance with the principle set forth in *Phon* that the sentence is "valid to the extent authorized by the statute and voidable only as to the excess." *Phon*, 545 S.W.3d at 306.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE |
|---|---|
| Marcus D. Jefferson, *pro se*<br>La Grange, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | Christopher Henry<br>Assistant Solicitor General<br>Frankfort, Kentucky |