James **CAMPBELL**, Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

No. 2008–CA–001881–MR.

Court of Appeals of Kentucky.

Oct. 30, 2009.

Rehearing Denied Dec. 17, 2009.

Discretionary Review Denied by Supreme Court Aug. 18, 2010.

James K. Campbell, Lexington, KY, pro se.

Jack Conway, Attorney General of Kentucky, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, DIXON and TAYLOR, Judges.

## OPINION

CAPERTON, Judge.

James Campbell appeals the denial by the Fayette Circuit Court of his Kentucky Rules of Civil Procedure (CR) 60.02 motion to correct his sentence in light of the recent Kentucky Supreme Court opinion of *Peyton v. Commonwealth*, 253 S.W.3d 504 (Ky.2008).[1] Campbell argues that he was entitled to relief and an evidentiary hearing under CR 60.02 as his sentence is now in error because the trial court followed the *Devore* interpretation of KRS 533.060(2), now overruled by *Peyton*. He also argues that the trial court wrongfully denied his motion for additional findings of fact and conclusions of law under CR 52.04, filed after the trial court overruled his current CR 60.02 motion. The Commonwealth disagrees. After a review of the parties' arguments, the record, and the applicable law, we find no error in the denial of either Campbell's CR 60.02 motion nor his CR 52.04 motion by the Fayette Circuit Court and, accordingly, we affirm.

Campbell was convicted of third-degree burglary and theft by a jury over twenty years ago. While the jury recommended Campbell be sentenced to three years on each count, Campbell was found to be a persistent felony offender and each sentence was enhanced to fifteen years. At Campbell's final sentencing, the Commonwealth informed the trial court that Campbell was a parolee and as such the sentences had to run consecutively pursuant to *Devore* and its interpretations of KRS 533.060 and KRS 532.110. Campbell's sentences were then set consecutively for a total of thirty years.

Campbell's conviction and his sentence were affirmed on direct appeal. Thereafter, Campbell filed numerous post-conviction motions similar to his current CR 60.02 motion, all of which were denied by the trial court. Those that were appealed were affirmed. When Campbell presented the trial court with his current CR 60.02 motion, the trial court stated that it was overruling this motion for the same reasons as set out in its prior orders denying Campbell's multiple similar post-conviction motions. Campbell then moved the trial court for findings of fact and conclusions of law under CR 52.04, which the trial court overruled. It is from the denial of these motions that Campbell now appeals.

■ On appeal Campbell makes three arguments.[2] First, that the trial court

---

1. *Peyton*, in overruling *Devore v. Commonwealth*, 662 S.W.2d 829 (Ky.1984), interpreted Kentucky Revised Statutes (KRS) 533.060(2) to mean that felonies committed while on parole shall serve consecutively to the felony sentence for which paroled but may serve concurrently to one another.

2. Campbell made two secondary arguments that do not merit relief and as such we only briefly address them. First, we do not find Campbell's argument that the trial court was

not bound by the doctrine of *stare decisis* to be relevant to the appeal at hand, as the trial court was bound to follow established appellate precedent under Supreme Court Rules (SCR) 1.040(5). Second, while Campbell is correct that more lenient standards apply to prisoners filing *pro se*, we have not interpreted this as an abandonment of our rules of procedure or jurisprudence. *See Brooks v. Commonwealth*, 447 S.W.2d 614, 618 (Ky. 1969).

abused its discretion when the court summarily overruled his current CR 60.02(f) motion because his sentence is now contrary to the law in *Peyton*. Second, that Campbell was entitled to an evidentiary hearing on his latest CR 60.02(f) motion. Third, that the trial court abused its discretion when it failed to enter findings of fact and conclusions of law pursuant to CR 52.04 upon Campbell's written request after the denial of his current CR 60.02(f) motion.

In contrast, the Commonwealth argues that the trial court did not abuse its discretion in overruling the current CR 60.02 motion for six reasons. First, Campbell's claim is not properly within the purview of the present CR 60.02 motion, as relief under CR 60.02 is an extraordinary remedy and Campbell's claimed errors do not merit relief. Second, the current motion relitigates issues that have been previously raised on direct appeal and in prior post-conviction motions. Third, the motion falls outside the time parameters of CR 60.02, as it was filed over twenty years after Campbell's conviction became final. Fourth, even if the current motion was timely filed, it would not entitle him to relief, as Campbell is bound by the law of the case doctrine from the litigation of his prior appeals and motions. Fifth, retroactive application was not addressed by the Kentucky Supreme Court in *Peyton*. Sixth, the trial court stated that it was overruling the current motion because of the reasons set forth in its prior orders. Nothing more was required and as such the trial court did not err.[3]

Campbell responds to the Commonwealth's arguments and claims that he must reraise the issues presented in the case *sub judice,* as he has no other avenue in which to pursue the sentencing error. Campbell further argues that while his motion was filed over twenty years after his conviction, it was timely filed as the Kentucky Supreme Court has now corrected its mistaken interpretation and that if it did not desire a retroactive application of *Peyton,* the Court would have said so.

In light of the aforementioned arguments, we now turn to our established jurisprudence. We review the denial of a CR 60.02 motion under an abuse-of-discretion standard. *White v. Commonwealth,* 32 S.W.3d 83, 86 (Ky.App.2000); *Brown v. Commonwealth,* 932 S.W.2d 359, 361 (Ky. 1996). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999) (citing 5 Am. Jur. 2d *Appellate Review* § 695 (1995)). Therefore, we will affirm the lower court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth,* 648 S.W.2d 853, 858 (Ky.1983).

■ Campbell seeks relief on appeal pursuant to CR 60.02(f). Relief may be granted under CR 60.02(f) for any reason of an extraordinary nature justifying relief. A CR 60.02(f) motion must be made within a reasonable time. *See* CR 60.02 and *Gross* at 858. An evidentiary hearing is not required to assess the reasonable time restriction inherent in CR 60.02 motions as such is left to the discretion of the Court. *Id.*

The burden of proof falls squarely on the movant to "affirmatively allege facts which, if true, justify vacating the judg-

---

3. Campbell also filed a writ of mandamus with this Court which was denied as the issues raised in the writ could be brought upon appeal. We note that the ruling on the writ did not preclude our deciding the merits of Campbell's claimed errors and simply established that, procedurally, the issues raised could be brought forth on appeal.

ment and further allege special circumstances that justify CR 60.02 relief." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky.1997) citing *Gross* at 856. To justify relief, the movant must specifically present facts which render the "original trial tantamount to none at all[.]" *Brown* at 361.

Given this jurisprudence, we turn to the arguments of the parties. In the case *sub judice* Campbell's first argument is conclusive of this appeal. Accordingly, we give Campbell's second and third arguments only brief consideration.

Campbell's first argument is that Peyton should be applied retroactively. We have concluded that *Peyton,* as decided by our Supreme Court, was not intended to be applied retroactively.

Recently, our Kentucky Supreme Court discussed the retroactive application of *Martin v. Commonwealth,* 207 S.W.3d 1 (Ky.2006), in *Leonard v. Commonwealth,* 279 S.W.3d 151 (Ky.2009).

In *Leonard,* the Court concluded that the new procedural rule applicable to Kentucky Rules of Criminal Procedure (RCr) 11.42 proceedings announced in *Martin* could not be applied retroactively to a collateral attack on a judgment that was final when *Martin* was decided. *Leonard* is instructive in deciding the case *sub judice.* Like Campbell, Leonard had previously appealed his conviction and had previously been denied post-conviction relief many years before a subsequent court decision changing the interpretation of the law. Campbell is now, as was Leonard then, seeking to "avoid the general rule against retroactive application of a decision." *Leonard* at 161.

Our Supreme Court stated in *Leonard* at 161–162, that:

Appellant claims that this Court's own procedural rules allow him to avoid the general rule against retroactive application of a decision. He first argues that the purpose of CR 60.02, under which the motion giving rise to this appeal was filed, is to allow a court to correct a mistake. Thus, he claims barring retroactive application would undermine the purpose and language of the rule. This is incorrect. As Appellant correctly notes, *CR 60.02 replaced the common law writ of coram nobis. That writ, however, was aimed at correcting factual errors, not legal errors. Barnett v. Commonwealth,* 979 S.W.2d 98 (Ky. 1998). *Appellant is not seeking remediation of a factual error; rather, he is seeking to correct the legal decision that* his ineffective assistance claims were procedurally barred, a decision that was correct under the case law in existence at the time.

A change in the law simply is not grounds for CR 60.02 relief except in "aggravated cases where there are strong equities." *Reed v. Reed,* 484 S.W.2d 844, 847 (Ky.1972). This is not such a case. Appellant has received significant direct and collateral review at the state and federal levels since his conviction some 25 years ago. His previous sentence has been reduced by gubernatorial order. The equities do not weigh in favor of using CR 60.02 to apply *Martin's* change in the law to Appellant's case.

(Emphasis supplied).

In comparing *Leonard* to the current case, we note that Campbell, as did Leonard, filed a CR 60.02 motion many years after his conviction was final. Campbell, as did Leonard, seeks to correct a legal decision and not a factual error, the former being an improper use of CR 60.02 while the latter is a proper use. Procedurally, Campbell and Leonard are in the same posture. Our Supreme Court found that

Leonard could not properly challenge his sentence by means of a CR 60.02 motion and, necessarily, that the facts in *Leonard* did not rise to the level necessary to grant relief as they were not exemplary of an aggravated case with strong equities. *Reed* at 847.

If Leonard's twenty-five-year-old conviction, challenged multiple times with post-conviction motions, was found by our Supreme Court to not be such a case, then Campbell's twenty-year-old conviction which has been the subject of multiple post-conviction motions is, likewise, not such a case.

The proscription against "applying new rules retroactively once a judgment is final on direct review makes sense, given the interest in finality of judgments." *Leonard* at 160. The retroactive application of *Peyton* is, thus, proscribed. To permit otherwise would wholly vitiate the finality of judgments in that each change in the law would allow or require relitigation of the facts and law of every case.

In considering Campbell's second argument that he was entitled to an evidentiary hearing, we must consider the purpose of an evidentiary hearing which is to determine facts which are not discernable from the record. The issue of whether *Peyton* is retroactive is a legal conclusion and what few facts, if any, that would be necessary to determine if it should be applied retroactively in Campbell's case are easily discernable from the record. Therefore, an evidentiary hearing was unnecessary.

In considering Campbell's third argument that he was entitled to additional findings of fact and conclusions of law under his CR 52.04, we must understand that CR 52.04, by its own terms, addresses an additional finding of fact on an issue *essential* to the judgment. In contrast,

Campbell presents a legal argument; there were no facts to be found. Moreover, CR 52.01 specifically provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41.02." The denial of CR 60.02 relief does not fall within the purview of CR 52.04 and, thus, does not require written findings and conclusions. This is particularly so when there are no facts to be found and any legal conclusion regarding the retroactive interpretation of *Peyton* would be reviewed *de novo*.

Thus, Campbell was not entitled to CR 52.01 findings of fact and conclusions of law, and the trial court did not err in denying Campbell's motion for additional findings of fact and conclusions of law.

In light of the aforementioned reasons, we find no error in the trial court's denial of either Campbell's CR 60.02 or CR 52.04 motion. We affirm.

ALL CONCUR.