**James Henry BERRY**

v.

**COMMONWEALTH of Kentucky.**

**No. 2009–CA–000951–MR.**

Court of Appeals of Kentucky.

Sept. 17, 2010.

Mark G. Hall, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; CLAYTON and THOMPSON, Judges.

## OPINION

CLAYTON, Judge.

James Henry Berry appeals from the Jefferson Circuit Court's denial of his fourth collateral motion for a new trial pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. We affirm.

In 1987, James Berry was tried and convicted of murder and of being a persistent felony offender ("PFO"), in the first degree. Berry was sentenced to life for the murder conviction, which was enhanced to two hundred years pursuant to the PFO charge. On direct appeal, the PFO conviction was vacated with directions that Berry be resentenced to life imprisonment. *See Berry v. Com.,* 782 S.W.2d 625 (Ky.1990). The Supreme Court also held that it was not error to fail to disclose an oral statement of a witness in discovery as oral statements did not fall within the meaning or intent of Kentucky Rules of Criminal Procedure (RCr) 7.24.

In 1995, Berry filed a combined CR 60.02 and RCr 11.42 motion, primarily ar-

guing that his indictment and trial on murder as a Class A felony violated a number of his protections under the United States and Kentucky constitutions. Berry further argued that to resentence him under the Kentucky Supreme Court's mandate would be a denial of his constitutional rights. The Jefferson Circuit Court denied this motion and this Court affirmed. *See unpublished opinion, Berry v. Com.,* (No.1995–CA–000403–MR)(Ky.App. Sep. 6, 1996).

In 1999, Berry filed a second CR 60.02 motion, asserting that because his offense was not a Class A felony and was not treated as a capital offense, the maximum sentence he could receive was twenty years for a Class B felony. The Jefferson Circuit Court denied this motion, and this Court affirmed the denial. *See unpublished opinion, Berry v. Com.,* (No. 2000–CA–001121–MR)(Ky.App. June 1, 2001).

In 2006, Berry filed a third CR 60.02 motion, requesting a new sentencing hearing. Again, the Jefferson Circuit Court denied this motion, and this Court affirmed that decision. *See unpublished opinion, Berry v. Com.,* (No. 2007–CA–001094–MR), 2008 WL 612457 (Ky.App. Mar. 7, 2008) (with discretionary review denied on Sept. 10, 2008, noting that it was controlled by the law of the case and the holding in *Gross v. Com.,* 648 S.W.2d 853 (Ky.1983)).

On December 30, 2008, Berry filed this fourth collateral CR 60.02 motion seeking a new trial based upon the case of *Chestnut v. Com.,* 250 S.W.3d 288 (Ky.2008), which reversed the legal precedent from his direct appeal that limited discovery to written or recorded statements. The Jefferson Circuit Court summarily denied this motion. Berry then filed this appeal of the circuit court's decision.

The issue, therefore, on appeal is whether the trial court erred in denying Berry's CR 60.02 motion for a new trial based upon the Supreme Court's decision in *Chestnut, supra.* Berry asserts that he should be granted a new trial based on the recent Kentucky Supreme Court decision in *Chestnut,* which reversed the legal precedent from his direct appeal that limited discovery to written or recorded statements.

In light of the aforementioned arguments, we now turn to our established jurisprudence.

## STANDARD OF REVIEW

We review the denial of a CR 60.02 motion under an abuse of discretion standard. *White v. Com.,* 32 S.W.3d 83, 86 (Ky.App.2000); *Brown v. Com.,* 932 S.W.2d 359, 361 (Ky.1996). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Com. v. English,* 993 S.W.2d 941, 945 (Ky.1999). Therefore, we affirm the lower court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Com.,* 648 S.W.2d 853, 858 (Ky.1983).

## DISCUSSION

After a thorough examination of the entire record and trial transcripts we affirm the decision of the Jefferson Circuit Court that denied Berry's motion for relief. This is not a case involving a "flagrant miscarriage of justice." There was enough convincing evidence aside from the testimony of Beverly Parham that allowed the jury to return a guilty verdict. A second witness identified Berry and Berry's hands showed traces of gunshot residue a few short hours after the shooting occurred. We are convinced that Berry received a fair trial and his sentence should not be set aside. Berry has received significant direct and collateral review since his conviction over twenty years

ago. There was certainly not a "flagrant miscarriage of justice" warranting a new trial.

█ Berry argues in his brief that the recent change in law in *Chestnut* should retroactively apply to his particular case. Berry is seeking remediation of a legal decision that was correct under the case law in existence at the time of his trial. This is an improper use of a CR 60.02 motion. A change in the law simply is not grounds for CR 60.02 relief except in "aggravated cases where there are strong equities." *Reed v. Reed,* 484 S.W.2d 844, 847 (Ky.1972). That is not the case here.

In *Chestnut,* the Supreme Court held that the trial court had committed reversible error in failing to grant a mistrial when it allowed the introduction of testimony made by a witness at trial that was not disclosed to the defendant prior to trial as required by RCr 7.24(1) and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Berry asserts that similarly, during his trial, counsel made very specific objections to the statements made by the witness; however, the statements were admitted and considered by the jury. Further, Berry alleges that the change in witness testimony was never disclosed to the defense prior to trial, resulting in a violation of the Commonwealth's duty to provide open file discovery. RCr 7.24.

█ The proscription against "applying new rules retroactively once a judgment is final on direct review makes sense, given the interest in finality of judgments." *Leonard v. Com.,* 279 S.W.3d 151 (Ky. 2009). To permit a retroactive application of the *Chestnut* decision in Berry's case would wholly vitiate the finality of judgments in that each change in the law would allow or require relitigation of the facts and the law of every case.

In the present action, the Supreme Court has already heard Berry's argument in *Berry,* 782 S.W.2d 625. The Court specifically denied his request for relief from his judgment on this issue. This is the law of the case, and the circuit court in no way abused its discretion in denying Berry's CR 60.02 motion on the same issue.

Thus, Berry is not entitled to CR 60.02 relief and the circuit court did not err in denying Berry's motion requesting that his conviction be set aside and remanded for a new trial. For the foregoing reasons, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.