**Bogdan DJORIC, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

NO. 2014-CA-000268-MR

Court of Appeals of Kentucky.

RENDERED: APRIL 15, 2016; 10:00 A.M.

---

Briefs for Appellant: Alexandra Lubans–Otto, Florence, Kentucky.

Brief for Appellee: Jack Conway, Attorney General of Kentucky, David Bryan Abner, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: D. LAMBERT, MAZE AND THOMPSON, JUDGES.

## OPINION

D. LAMBERT, JUDGE:

Bogdan Djoric appeals from the order of the Kenton Circuit Court denying his motion for relief pursuant to CR[1] 60.02. Having reviewed the record, we affirm.

Djoric, a noncitizen with legal permanent resident status, had immigrated to the United States from the former Yugoslavia in 1973. He was indicted on September 22, 2000, by a Kenton County grand jury for first-degree possession of a controlled substance, and possession of marijuana. After pleading guilty to the charge of first-degree possession of a controlled substance, Djoric was sentenced to two years' imprisonment, probated for two years.[2] He completed his sentence on March 20, 2003.

---

1. Kentucky Rules of Civil Procedure.

2. The Commonwealth dismissed the possession of marijuana charge.

In June 2013, Immigrations and Customs Enforcement (ICE) took Djoric into custody and initiated deportation proceedings based upon Djoric's 2001 conviction for possession of a controlled substance. As a result, Djoric was ordered to be deported from the United States.

Djoric filed a CR 60.02 motion for relief with the Kenton Circuit Court on December 10, 2013, alleging that he did not enter a knowing, intelligent, or voluntary plea due to his lack of knowledge of its full consequences. On January 15, 2014, the trial court entered an order denying Djoric's motion for relief. The trial court found that Djoric's motion was not brought within a reasonable time. Additionally, the trial court determined the overwhelming weight of case law to be adverse to Djoric's position. This appeal followed.

## STANDARD OF REVIEW

The standard of review on appeal for a CR 60.02 motion is abuse of discretion. *Baze v. Commonwealth*, 276 S.W.3d 761, 765 (Ky.2008). In determining whether there was an abuse of discretion by the trial court, we must determine "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999)).

## ANALYSIS

■ On appeal, Djoric alleges that the trial court committed reversible error by denying his request for relief because it was not filed within a reasonable time. Djoric alleges that his request for CR 60.02 relief was filed within a reasonable time because he was not aware that he could face deportation until he was taken into custody by ICE officers in June, 2013. Had he known of these consequences at an earlier time, Djoric alleges he would have sought relief sooner. Djoric argues that the period of time to measure reasonableness should be the six-month period from the time he was taken into custody by ICE to the time he filed his CR 60.02 motion. We disagree.

■ Claims brought under CR 60.02(a), (b), or (c) must be brought within one year after the judgment is entered, and claims brought under the remaining sections of CR 60.02 must be brought within a "reasonable time." *See* CR 60.02. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky.1983).

We hold the trial court did not abuse its discretion in finding Djoric's nearly thirteen-year delay to file his motion to be unreasonable. In *Reyna v. Commonwealth*, 217 S.W.3d 274 (Ky.App.2007), a case also involving a defendant facing deportation consequences from a guilty plea, this court held that it was within the trial court's discretion to find the defendant's four-year delay in requesting CR 60.02 relief to be unreasonable. Notably, the trial court in *Reyna* had not specifically addressed whether the delay was reasonable. We find Djoric's explanation to be insufficient to justify this delay. Djoric could have learned of the immigration consequences of his guilty plea sooner, and we decline to measure timeliness relative to when he became aware of the law.

■ Moreover, even if Djoric's claim had been filed within a reasonable period of time, the facts and law do not support his claim for relief under CR 60.02. Djoric alleges that he is entitled to relief in light of a change in circumstances following his conviction. Djoric claims these changes include the U.S. Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356, 130

S.Ct. 1473, 176 L.Ed.2d 284 (2010), imposing a duty on attorneys to advise noncitizen defendants of the deportation risks stemming from plea agreements.

 Djoric's claims are without merit, and the changes in law following Djoric's plea do not entitle him to CR 60.02 relief. First, the decision in *Padilla* does not have retroactive application. *Al–Aridi v. Commonwealth,* 404 S.W.3d 210, 213 (Ky.App. 2013) (citing *Chaidez v. United States,* — U.S. —, 133 S.Ct. 1103, 1105, 185 L.Ed.2d 149 (2013)). Thus, Djoric is not entitled to relief as a consequence of that decision. Furthermore, a change in the law simply is not grounds for CR 60.02 relief except in "aggravated cases where there are strong equities." *Reed v. Reed,* 484 S.W.2d 844, 847 (Ky.1972). Relying on *Commonwealth v. Bustamonte,* 140 S.W.3d 581 (Ky.App.2004), the trial court determined that Djoric's immigration consequences are not of an extraordinary nature to justify relief. The trial court acted well within its discretion.

Further, the trial court, in addressing Djoric's equity claims under CR 60.02(e), which contemplates some change of circumstances subsequent to entry of the judgment, found as follows:

> Djoric makes no allegation that any change of circumstances has occurred since the entry of the final judgment. In fact, he concedes that the law authorizing deportation of individuals convicted of felony possession of a controlled substance has been in effect since 1997, four years prior to his guilty plea. The fact is that Djoric faced deportation when he entered his plea and faces deportation today. Nothing has changed other than Djoric's apparent awareness of this collateral consequence.

The Court also addressed the application of CR 60.02(f) as to Djoric's immigration status.

> Likewise, with regard to Djoric's claim under CR 60.02(f) extraordinary circumstance warranting relief, the overwhelming weight of case law is adverse to Djoric's position. In *Bustamonte* our Court of Appeals specifically held that a defendant's apparent immigration problem is not a reason of an extraordinary nature justifying relief [*id.* at 584].

Djoric also argues that since his plea, the Kentucky Legislature has made deferred prosecution available for the charge of criminal possession.[3] He claims he might not have faced deportation had he entered into a deferred prosecution program, and vacating his conviction would allow him to take advantage of deferred prosecution. Moreover, even if Djoric raised this issue, as discussed *infra,* he would not be entitled to CR 60.02 relief based on a change in the law.

As such, Djoric has failed to show—pursuant to CR 60.02(e) and (f)—that it is no longer equitable that his judgment should have prospective application, or any other reason of an extraordinary nature justifying relief.

Based on the foregoing, we affirm the judgment of the Kenton Circuit Court.

THOMPSON, JUDGE, DISSENTS.

MAZE, JUDGE, CONCURS IN RESULT AND FILES SEPARATE OPINION.

MAZE, JUDGE, CONCURRING:

While I reluctantly agree with the majority's result, I disagree with the majori-

---

**3.** Kentucky Revised Statutes (KRS) 218A.14151, 2011 Kentucky Laws, Chapter 2, Section 20, eff. 6–8–11.

ty's initial conclusion that Djoric failed to bring his CR 60.02 motion within a reasonable time. In support of this finding, the majority relies upon certain language in *Reyna v. Commonwealth*, 217 S.W.3d. 274 (Ky.App.2007). In that case, Reyna, a permanent resident, was convicted of a felony in 1999. Upon his release in 2003, his permanent resident status was revoked and he was deported to Mexico. He then reentered the United States illegally, was caught, and received a twenty-year federal sentence. In 2007, he filed a CR 60.02 motion to vacate his 1999 conviction. This Court held that the failure of defense counsel to inform the defendant of the potential immigration consequences was not a basis to find ineffective assistance of counsel nor could it serve as a basis to set aside the conviction under CR 60.02. *Id.* at 276. This portion of *Reyna*'s holding has been superseded by *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), in which the United States Supreme Court found that the failure to advise about the immigration consequences of a criminal plea could constitute ineffective assistance. *Id.* at 368–69, 130 S.Ct. at 1483.

At the conclusion of the opinion in *Reyna*, this Court added:

> We also believe that the motion, not filed until after Reyna had served his sentence and four years after he entered his guilty plea, was untimely. Although not stated as reason for the denial of his CR 60.02(f), the trial court would certainly have been within its discretion had it held that the motion was not brought within a reasonable time. *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky.1983).

*Reyna*, 217 S.W.3d at 276.

Most notably, the trial court in *Reyna* did not address whether his motion was brought within a reasonable time. This Court merely suggested that the trial court would have been within its discretion to hold that the motion was not brought within a reasonable time. Under the circumstances, I believe that this discussion is dicta since it was not necessary to the holding of the case. *Cawood v. Hensley*, 247 S.W.2d 27, 29 (Ky.1952)

In addition, this Court based its determination of "reasonable time" on the four years between the completion of Reyna's sentence (and deportation) and the time that he brought the motion. *Reyna*, 217 S.W.3d at 276. In the current case, Djoric completed his sentence in 2003, but Immigration and Customs Enforcement (ICE) did not commence deportation proceedings until June of 2013. Djoric brought this action in December 2013—a lapse of only six months. Given ICE's ten-year delay in bringing the deportation proceeding, I would find that Djoric reasonably believed he would not be subject to deportation at any point earlier than June of 2013. Consequently, I would hold that his motion was brought within a reasonable time.

Nevertheless, I agree with the majority's ultimate conclusion that Djoric has not stated sufficient grounds to set aside his conviction. As the majority correctly points out, both the United States Supreme Court and this Court have held that *Padilla* does not have retroactive application to convictions which were already final before it was rendered. *Chaidez v. United States*, —— U.S. ——, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013). *See also Al–Aridi v. Commonwealth*, 404 S.W.3d 210, 211 (Ky. App.2013). Djoric tries to get around *Chaidez* by arguing that it only precludes him from challenging his guilty plea based upon ineffective assistance of counsel. He contends that he still can argue that his plea was not knowing and voluntary due the failure of the court or his counsel to

advise him of the collateral consequences of his guilty plea to a felony.

While I would agree that *Chaidez* does not specifically preclude a defendant from challenging his guilty plea on *Boykin* grounds (rather than *Strickland* grounds), *Chaidez* makes it clear that *Padilla* announced a new rule of law which requires defense counsel to advise a defendant of the noncriminal consequences of pleading guilty. *Chaidez* holds that, as a new rule of law, this obligation can only be imposed prospectively and not retrospectively. *Chaidez,* 133 S.Ct. at 1108–10. For the same reasons, the trial court in this case did not have an obligation to advise Djoric of the potential immigration consequences as part of its *Boykin* colloquy prior to accepting his guilty plea.

Djoric also argues that he would have sought deferred prosecution/diversion if he had known of the collateral consequences. However, that option did not exist until 2011 with the adoption of KRS 218A.14151. 2011 *Ky. Laws*, Ch. 2, § 20, eff. 6–8–11. By itself, a change in law is not sufficient to create extraordinary circumstances warranting relief under CR 60.02(f). *Toyota Motor Mfg., Kentucky, Inc. v. Johnson,* 323 S.W.3d 646, 651 (Ky.2010), citing *Bishir v. Bishir,* 698 S.W.2d 823, 826 (Ky. 1985). *See also Campbell v. Commonwealth,* 316 S.W.3d 315, 319 (Ky.App.2009). "A change in the law simply is not grounds for CR 60.02 relief except in 'aggravated cases where there are strong equities.' *Reed v. Reed,* 484 S.W.2d 844, 847 (Ky. 1972)."

I agree with Djoric that the result in this case is particularly harsh. The record does not disclose any reason why ICE waited for ten years after Djoric served his sentence before initiating deportation proceedings. There is no indication that Djoric has committed any other significant offenses since that time. Furthermore, it appears that Djoric has spent most of his life in the United States and is being deported to a country that has radically changed since he left as a child. However, most of the harshness is attributable to the actions of ICE, rather than the Kentucky Courts. In light of the clear authority, I must reluctantly conclude that the trial court properly denied Djoric's motion to set aside his conviction. Therefore, I concur in the result reached by the majority opinion.