RENDERED:  APRIL 2, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0767-MR

JAMES HENRY BERRY                                        APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 87-CR-000192

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, KRAMER, AND MCNEILL, JUDGES.

DIXON, JUDGE:  James Henry Berry appeals the order of the Jefferson Circuit

Court denying his fifth CR[1] 60.02 motion, entered November 20, 2019.  After

careful review of the record, briefs, and law, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

## FACTS AND PROCEDURAL BACKGROUND

In 1987, Berry was tried and convicted of murder[2] and being a persistent felony offender (PFO) in the first degree.[3] On direct appeal, the PFO conviction was vacated, and the matter was remanded with instructions that Berry be resentenced to life imprisonment on the murder conviction. *Berry v. Commonwealth*, 782 S.W.2d 625 (Ky. 1990), *overruled by Chestnut v. Commonwealth*, 250 S.W.3d 288 (Ky. 2008). After resentencing, Berry appealed arguing a double jeopardy violation. The conviction was affirmed. *Berry v. Commonwealth*, No. 1990-SC-000794-MR (Ky. Jan. 16, 1992).

Since his conviction, Berry has filed four other CR 60.02 motions, the denials of which this Court has affirmed each time.[4] Notably, in his third CR 60.02 motion filed in 2006, Berry argued his sentence was illegal because his trial did not include a penalty phase at which he could have presented mitigating evidence. In affirming the denial of the motion, a panel of this Court noted that Berry was precluded from claiming error where: (1) he created the alleged error by his

---

[2] Kentucky Revised Statutes (KRS) 507.020, a capital offense.

[3] KRS 532.080. Persistent felony offender is a status which requires enhanced sentencing provisions.

[4] *See Berry v. Commonwealth*, No. 1995-CA-0403-MR (Ky. App. Sept. 6, 1996); *Berry v. Commonwealth*, No. 2000-CA-001121-MR (Ky. App. June 1, 2001); *Berry v. Commonwealth*, 2008 WL 612457, No. 2007-CA-001094-MR (Ky. App. Mar. 7, 2008); and *Berry v. Commonwealth*, 322 S.W.3d 508 (Ky. App. 2010).

successful objection to the application of KRS 532.055, which mandates the bifurcation of felony trials into guilt and penalty phases; and (2) he failed to timely raise the issue on direct appeal or by previous collateral attacks. *Berry v. Commonwealth*, 2008 WL 612457, *3-4 (Ky. App. Mar. 7, 2008). The Court further held that Berry's sentence was not illegal because life imprisonment is a penalty authorized by KRS 532.030. *Id.* at *3.

On February 11, 2019, Berry filed his fifth CR 60.02 motion, which is the subject of this appeal. Therein, Berry again attacked the legality of his sentence where he did not have a penalty phase at trial, as required by KRS 532.025 and 532.055, and argued for the first time that he received ineffective assistance of trial and appellate counsel (for waiving the penalty phase and failing to raise the error on appeal, respectively). The court denied the motion, and Berry timely appealed. Additional facts will be introduced as they become relevant.

## STANDARD OF REVIEW

We review the denial of CR 60.02 motions for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697-98 (Ky. App. 2008). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

-3-

# ANALYSIS

Berry argues the court abused its discretion in denying him relief where his conviction was void or illegal and, further, that he was denied effective assistance of counsel.[5] We need not address Berry's arguments in depth because his claims are not properly before the Court.

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr[6] 11.42, and *thereafter* in CR 60.02." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983) (footnote added). Relevantly, CR 60.02(e)-(f) provides that a court may relieve a movant from a judgment if it is void, or for other reasons of an extraordinary nature. However, CR 60.02 is only for relief that is not available by direct appeal or under RCr 11.42. *Gross*, 648 S.W.2d at 856. Moreover, a defendant is precluded from raising claims which were, or reasonably could have been, raised in prior proceedings. *Id.* at 857.

---

[5] We note that while Berry characterizes his sentence as illegal, his claim is that he was wrongfully denied an opportunity to present mitigating evidence, not that his sentence was outside the penalties authorized by statute, which would be subject to correction at any time pursuant to *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018). Further, we reaffirm our prior holding that Berry's sentence is not illegal as it was expressly authorized by KRS 532.030.

[6] Kentucky Rules of Criminal Procedure.

Herein, Berry previously litigated his claim that the denial of a penalty phase rendered his sentence illegal in his 2006 CR 60.02 motion. Accordingly, this argument is barred as successive. As for Berry's new contention that he was deprived effective assistance of counsel with regard to the lack of a penalty phase, this claim is barred as well because, beyond any doubt, it could have been raised in the 2006 motion. Accordingly, the court did not abuse its discretion in denying Berry relief.

As a final matter, the Commonwealth argues that Berry's repeated, meritless CR 60.02 motions necessitate instructing the circuit court to deny Berry in *forma pauperis* status as to any further attempts to collaterally attack his conviction. In support, the Commonwealth cites to *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011), wherein a panel of this Court stated, "where a *pro se* litigant files repetitious and frivolous claims, a court may bar prospective filings to prevent the deleterious effect of such filings on scarce judicial resources." Berry did not respond by way of a reply brief.

The Commonwealth's request is well taken. Similar to *Cardwell*, Berry has filed multiple meritless motions and has been previously advised, by way of the Court's 2001 and 2008 opinions, that it is not permissible to relitigate issues which were, or reasonably could have been, raised in prior proceedings. As

such, we direct the circuit court to deny Berry any future requests to proceed in *forma pauperis* on collateral attacks of this conviction.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Jefferson Circuit Court denying Berry's CR 60.02 motion is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

James Berry, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Frankfort, Kentucky

Ken W. Riggs
Frankfort, Kentucky