RENDERED:  MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0047-MR


COMMONWEALTH OF KENTUCKY                                        APPELLANT


v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
ACTION NO. 10-CR-001468


CIANNEH FAHNBULLAH                                             APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  The Commonwealth of Kentucky brings this appeal from a

December 20, 2019, order of the Jefferson Circuit Court setting aside the guilty

plea of Cianneh Fahnbullah.  We affirm.

On May 13, 2010, Fahnbullah was indicted by a Jefferson County

Grand Jury upon one count of criminal possession of a forged instrument in the

second degree (Kentucky Revised Statutes (KRS) 516.060) and two counts of false

statements/representations/failure to report change in order to receive public assistance benefits (KRS 194A.505). Fahnbullah, who was born in Monrovia, Liberia, came to the United States as a young adult. When indicted upon these charges, she had lived in the United States for approximately nineteen years.

Ultimately, Fahnbullah and the Commonwealth reached a pretrial diversion agreement. Under the pretrial diversion agreement, Fahnbullah was to serve a one-year diversionary period, with a possible extension of up to five years, until restitution of $4,083.91 was fully paid. Upon completion of the diversionary period, all indicted charges would be dismissed. Pursuant to the pretrial diversion agreement, Fahnbullah entered a guilty plea to the indicted charges on May 8, 2012. During the plea colloquy, the circuit court inquired if Fahnbullah had any further questions. Fahnbullah briefly consulted with her attorney, and her attorney had the following peculiar response:

> Judge, well, I guess, a few things if I may place on the record. Uh, Judge, Ms. Fahnbullah has informed that she is a U.S. citizen, uh, refugee status from Liberia, so I talked to her about potential immigration consequences. I'm obviously not an immigration attorney, don't practice law in that field, but I advised her there's certainly possibilities for immigration consequences, deportation. She informed me that is not something she needs to be concerned about. She is confident about that.

May 8, 2012, Trial Video at 11:51:44 a.m.

By a May 9, 2012, order, Fahnbullah was granted pretrial diversion and ordered to pay restitution of $4,083.91 within five years. *See* Kentucky Rules of Criminal Procedure (RCr) 8.04. By early 2017, Fahnbullah had paid the restitution and otherwise fully complied with the pretrial diversion agreement.

On June 5, 2019, Fahnbullah filed a motion to set aside her guilty plea pursuant to RCr 11.42 and Kentucky Rules of Civil Procedure (CR) 60.02. The basis for Fahnbullah's motion was that she was not properly informed of the immigration consequences of the guilty plea. More particularly, Fahnbullah asserted that she and her trial counsel both believed that if Fahnbullah complied with the conditions of the pretrial diversion agreement, the indicted charges would be dismissed and her immigration status would be unaffected. However, such was not the case. After successfully completing her pretrial diversion, Fahnbullah learned she could not seek United States citizenship and even faced deportation due to the guilty plea she entered under the pretrial diversion agreement. Even though the diverted charges were deemed dismissed under Kentucky law, federal law viewed the diverted charges differently. Pursuant to federal law, the guilty plea to the diverted charges prevented her from gaining citizenship and subjected her to possible deportation.

By order entered December 20, 2019, the circuit court granted

Fahnbullah's motion to set aside her guilty plea under CR 60.02(f).  In so doing,

the circuit court reasoned:

> [I]t would ordinarily be sufficient that counsel inform a client that the guilty plea could have some immigration consequences, including deportation, which is what [Fahnbullah's] counsel did.  However, in the very particular facts of this case, it appears that such advise [sic] was given under the belief that [Fahnbullah] was a United States citizen.  Counsel asserts such to the Court, and counsel's belief would be bolstered by [Fahnbullah's] statements that her status was not something to be concerned about, and that she was confident about that, statements that counsel apparently adopted as true.  In hindsight, the fact that [Fahnbullah] apparently informed counsel that she is a United States citizen with refugee status should have been a red flag to everyone, including the Court, because one is either a citizen, or in the country legally as a refugee, but not both.  At a minimum, there should have been further inquiry as to what her status was believed to be, which might have obviated the need for this current motion.  In light of the very general caveat to [Fahnbullah], coupled with what appears to be an erroneous assumption by both [Fahnbullah] and her counsel as to her status, the Court finds that there was ineffective assistance of counsel, and that the setting aside of the guilty plea is warranted pursuant to CR 60.02(f).

December 20, 2019, Order Setting Aside Guilty Plea at 3.  This appeal by the

Commonwealth follows.

Our standard of review upon a circuit court's order granting or

denying a motion pursuant to CR 60.02 is for an abuse of discretion.  *See White v,*

-4-

*Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). An abuse of discretion occurs if the "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Sexton v. Sexton*, 125 S.W.3d 258, 272 (Ky. 2004) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

The Commonwealth contends that CR 60.02 is not the proper avenue of relief for Fahnbullah as she basically claims trial counsel was ineffective; thus, her sole remedy is under RCr 11.42.

It is true that CR 60.02 is only available to raise claims that cannot be brought under RCr 11.42. *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011); *Gross v. Commonwealth*, 648 S.W.2d 853, 855-57 (Ky. 1983). Nonetheless, to be entitled to relief under RCr 11.42, the movant must be in the custody of the Commonwealth either under a sentence of imprisonment or under a probated, paroled, or conditionally discharged sentence. RCr 11.42;[1] *Parrish v. Commonwealth*, 283 S.W.3d 675, 677 (Ky. 2009) (quoting *Sipple v. Commonwealth*, 384 S.W.2d 332, 332 (Ky. 1964)).

---

[1] Kentucky Rules of Criminal Procedure 11.42 provides, in relevant part:

> (1) A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it.

In this case, Fahnbullah was not in the custody of the Commonwealth under a sentence of imprisonment or under a probated, paroled, or conditionally discharged sentence. In fact, Fahnbullah was never sentenced upon the indicted charges. Rather, Fahnbullah's charges were diverted by order entered May 9, 2012. Our Supreme Court has recognized that "pretrial diversion is not a sentencing alternative;" rather, pretrial diversion "is an interruption of prosecution prior to final disposition." *Commonwealth v. Derringer*, 386 S.W.3d 123, 130 (Ky. 2012) (quoting *Flynt v. Commonwealth*, 105 S.W.3d 415, 424 (Ky. 2003)). Accordingly, Fahnbullah is not entitled to seek RCr 11.42 relief under the plain terms of RCr 11.42. In this situation, Fahnbullah's only remedy was CR 60.02. We, thus, reject the Commonwealth's contention that Fahnbullah should have filed a motion pursuant to RCr 11.42 alleging ineffective assistance of trial counsel.

The Commonwealth alternatively contends that even if Fahnbullah's claims were properly asserted under CR 60.02, her trial counsel rendered effective assistance pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010).

In this case, the circuit court determined that Fahnbullah was entitled to relief under CR 60.02(f). The circuit court carefully considered trial counsel's actions and Fahnbullah's belief as to the immigration ramifications of the guilty plea. In the final analysis, the circuit court was swayed by the confusion about Fahnbullah's alleged status as both a United States citizen and a refugee, which the

circuit court correctly acknowledged was a "red flag" to all participants in the proceeding, including the court. Although Fahnbullah and trial counsel shared this mistaken belief, it is axiomatic that trial counsel possessed a duty to be informed as to the facts of the case and to give the proper legal advice to his client concerning the guilty plea. And, not only did trial counsel fail to give correct legal advice, he also failed to properly assess the facts of Fahnbullah's case. Considering the equities and the unique facts herein, we are unable to conclude that the circuit court abused its discretion by granting Fahnbullah's motion to set aside her guilty plea under CR 60.02(f). In short, we agree with the circuit court that this case presents reasons of an extraordinary nature justifying relief per CR 60.02(f).

The Commonwealth also argues that Fahnbullah's CR 60.02 motion was not timely filed. For the following reasons, we disagree.

CR 60.02 provides, in relevant part:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

CR 60.02 clearly provides that a motion brought pursuant to subsection (f) shall be made "within a reasonable time" after the judgment or order is entered. CR

60.02(f); *Djoric v. Commonwealth*, 487 S.W.3d 908, 910 (Ky. App. 2016). It is well-established that "[w]hat constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Djoric*, 487 S.W.3d at 910 (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)). And, in exercising that discretion, the trial court must consider the particular facts and circumstances of each case. *See Gross,* 648 S.W.2d at 858.

In the case *sub judice*, Fahnbullah was placed on pretrial diversion and ordered to pay restitution on May 9, 2012. Fahnbullah ultimately paid the restitution and successfully completed the diversion in early 2017. After completing the diversion, Fahnbullah apparently contacted an immigration lawyer to assist her in gaining United States citizenship. The immigration attorney informed Fahnbullah that her guilty plea pursuant to the pretrial diversion agreement prevented her from pursuing citizenship and placed her at risk for deportation.

On June 5, 2019, Fahnbullah filed a motion to set aside the guilty plea. Approximately two years passed between Fahnbullah completing her pretrial diversion and the filing of the CR 60.02(f) motion. However, the circuit court concluded that Fahnbullah filed the CR 60.02 motion within a reasonable time of learning of the adverse consequences of her guilty plea on her immigration status

in the United States. Again, considering the unique facts and circumstances of this case, we cannot say the circuit court's decision was arbitrary, unreasonable, unfair or unsupported by legal principles. *See Djoric*, 487 S.W.3d at 910. In sum, we conclude that the circuit court did not abuse its discretion by determining that the CR 60.02(f) motion was filed within a reasonable time.

In sum, we are of the opinion that the circuit court properly set aside Fahnbullah's guilty plea under CR 60.02.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Daniel Cameron<br>Attorney General of Kentucky<br>Frankfort, Kentucky | Theodore S. Shouse<br>Louisville, Kentucky |
| Jeanne Anderson<br>Special Assistant Attorney General<br>Louisville, Kentucky | |