RENDERED:  OCTOBER 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0181-MR

GERRY MEGHOO                                                             APPELLANT


APPEAL FROM HARDIN CIRCUIT COURT
v.          HONORABLE KELLY MARK EASTON, JUDGE
ACTION NO. 00-CR-00282


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, McNEILL, AND L. THOMPSON, JUDGES.

McNEILL, JUDGE:  Gerry Meghoo ("Meghoo") appeals from the Hardin Circuit

Court's order denying his motion for relief pursuant to CR[1] 60.02.  We affirm.

Meghoo, a Jamaican native with permanent resident status, has lived

in the United States since 1995.  On September 26, 2000, he was indicted by a

Hardin County grand jury for trafficking in marijuana, five pounds or more, for

---

[1] Kentucky Rules of Civil Procedure.

violations pursuant to KRS[2] 281.600 for improperly maintaining hours of service records, and for possessing marijuana in a motor vehicle. Meghoo entered a conditional guilty plea[3] and on April 18, 2003 was sentenced to ten years' imprisonment, with five years to serve followed by five years' probation. The Kentucky Supreme Court affirmed his conviction on February 21, 2008.[4] Meghoo completed his sentence on May 28, 2014.

On September 30, 2019, Meghoo filed a motion to vacate his guilty plea pursuant to CR 60.02(e), arguing he was never advised of the immigration consequences of his plea in violation of *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). Sometime prior to the filing of the motion, United States Immigration and Customs Enforcement (ICE) had initiated deportation proceedings against Meghoo based upon his 2003 conviction for trafficking in marijuana.

The trial court denied Meghoo's motion, citing *Padilla*'s non-retroactivity. The court further found Meghoo's CR 60.02(e) motion was not made within a reasonable time, noting that the law subjecting Meghoo to deportation was

---

[2] Kentucky Revised Statutes.

[3] As part of the plea deal, the Commonwealth dismissed the charges brought pursuant to KRS 281.600.

[4] *Meghoo v. Commonwealth*, 245 S.W.3d 752 (Ky. 2008).

in effect when Meghoo entered his guilty plea, and that "[w]aiting for deportation to happen is not an excuse for delay in taking action years ago to seek relief from the judgment in this case." Finally, the court held that the circumstances did not justify the extraordinary relief envisioned by CR 60.02. This appeal followed.

"The standard of review on appeal for a CR 60.02 motion is abuse of discretion." *Djoric v. Commonwealth*, 487 S.W.3d 908, 910 (Ky. App. 2016) (citing *Baze v. Commonwealth*, 276 S.W.3d 761, 765 (Ky. 2008)). "In determining whether there was an abuse of discretion by the trial court, we must determine 'whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id.* (citing *Baze*, 276 S.W.3d at 765). "Therefore, we affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Berry v. Commonwealth*, 322 S.W.3d 508, 510 (Ky. App. 2010) (citing *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

Meghoo makes four arguments on appeal: 1) the trial court erred in holding that his CR 60.02 motion was not filed within a reasonable time; 2) regardless of whether *Padilla* is retroactive, it is still relevant to the equities consideration of his CR 60.02 motion; 3) the trial court erred in requiring a showing that deportation is an "extraordinary harm"; and 4) equity requires his conviction be vacated.

In *Chaidez v. United States*, 568 U.S. 342, 133 S. Ct. 1103, 1105, 185 L. Ed. 2d 149 (2013), the United States Supreme Court held *Padilla* was not retroactive; therefore, a person whose conviction became final before the decision cannot benefit from its holding. Relying upon *Chaidez*, panels of the Kentucky Court of Appeals subsequently held *Padilla* has no retroactive effect in post-conviction proceedings in Kentucky. *See Al-Aridi v. Commonwealth*, 404 S.W.3d 210, 214 (Ky. App. 2013); *Diaz v. Commonwealth*, 479 S.W.3d 90, 92 (Ky. App. 2015); *Djoric*, 487 S.W.3d at 911.

We find these cases controlling and believe *Padilla*'s non-retroactivity is dispositive of the appeal. Meghoo's conviction became final on February 1, 2008, over two years before *Padilla* was decided. Because *Padilla* is not retroactive, Meghoo cannot benefit from its holding. *Chaidez*, 568 U.S. at 358, 133 S. Ct. at 1113. Therefore, the trial court did not abuse its discretion in denying his CR 60.02 motion.

While Meghoo made several arguments challenging the issue of *Padilla*'s retroactivity below, he has abandoned them on appeal. Instead, he merely asserts that "*Padilla* should be retroactively applied here in the Commonwealth where the case was originated." However, he provides no compelling reasons why, nor does he sufficiently distinguish his case from *Al-Aridi*, *Diaz*, or *Djoric*.

Instead, Meghoo asserts that regardless of whether *Padilla* is retroactive, it is still relevant to the equities consideration of his CR 60.02(e) motion. However, this argument overlooks that Meghoo's underlying claim of error – that he was not advised of the immigration consequences of his guilty plea – is reliant upon *Padilla*. Pursuant to *Chaidez*, Meghoo "cannot benefit from [*Padilla*'s] holding." *Chaidez*, 568 U.S. at 358, 133 S. Ct. at 1113. *See also Al-Aridi*, 404 S.W.3d at 214 (affirming circuit court's opinion upholding denial of CR 60.02 motion; "[P]ursuant to the holding in *Chaidez*, Al-Aridi cannot sustain a claim under *Padilla*[.]").

Further, "remediation of a legal decision that was correct under the case law in existence at the time of his [guilty plea] . . . is an improper use of a CR 60.02 motion." *Berry*, 322 S.W.3d at 511. "A change in the law simply is not grounds for CR 60.02 relief except in 'aggravated cases where there are strong equities.'" *Id.* (quoting *Reed v. Reed*, 484 S.W.2d 844, 847 (Ky. 1972)). The trial court determined this was not such a case and this decision was within its discretion.

Because *Chaidez* and *Al-Aridi* are determinative of this appeal, we decline to address Meghoo's remaining assignments of error, including whether the trial court erred in finding his CR 60.02 motion was not filed within a reasonable time and in requiring a showing that deportation is an "extraordinary harm."

For the foregoing reasons, the order of the Hardin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Tricia Lister
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky