RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0774-MR

BENJAMIN DELBERT COFFEY                                            APPELLANT

APPEAL FROM MCCREARY CIRCUIT COURT
v.                      HONORABLE DANIEL BALLOU, JUDGE
ACTION NO. 04-CR-00010

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: Benjamin Coffey appeals from the denial of his CR[1] 60.02

post-conviction motion. We affirm.

In 2004, Coffey was indicted for rape in the first degree, sodomy in

the first degree, and kidnapping. Soon thereafter, the McCreary Circuit Court

ordered Coffey to undergo a competency evaluation. According to a competency

---

[1] Kentucky Rule of Civil Procedure.

report submitted to the trial court in June 2004, Coffey had intellectual disabilities but was competent. That same month, Coffey reached a plea agreement with the Commonwealth which called for him to plead guilty to all three charges in the indictment and to receive thirty years' imprisonment (ten years on each charge, to be served consecutively).[2] The trial court sentenced Coffey in accordance with the plea agreement in August 2004.

Nearly three years later, Coffey submitted a post-conviction motion pursuant to RCr[3] 11.42. The motion tersely asserted without explanation that Coffey's counsel had been ineffective. Coffey filed a motion to supplement which asserted his counsel had coerced him into pleading guilty and his guilty plea was improper because he was incompetent. Finally, the motion to supplement asserted that the victim had been "a willing participant to the early morning rendezvous." Record (R.) at 96. The trial court denied both the RCr 11.42 and the motion to supplement without the Commonwealth even having filed a response. Coffey's appeal was eventually dismissed.

The record contains no subsequent activity until November 2016, when Coffey filed his first CR 60.02 motion. That motion lacks clarity, but it

---

[2] The record before us does not contain any videotapes or transcripts of any proceedings, so we cannot know what discussions regarding Coffey's competency or intellectual disabilities (or any other pertinent matters) may have occurred.

[3] Kentucky Rule of Criminal Procedure.

generally alleges Coffey was coerced by counsel into pleading guilty. The Commonwealth filed a response asserting, among other things, that the motion was untimely.[4] In December 2019, the trial court granted Coffey's motion to withdraw that CR 60.02 motion.

That same month, Coffey filed the CR 60.02 motion at hand. Coffey raises various arguments, including sundry allegations his counsel was ineffective and that there was insufficient evidence to support the rape and sodomy convictions. The trial court eventually denied Coffey's CR 60.02 motion in February 2021. Coffey then filed this appeal.

"It is within the sound discretion of the trial court whether to grant or deny relief pursuant to CR 60.02[,]" so our review is pursuant to the abuse of discretion standard. *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Therefore, we will affirm the lower court's decision unless there is a showing of some flagrant miscarriage of justice." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (internal quotation marks and citations omitted).

---

[4] *See* CR 60.02(f) (requiring a motion brought under that subsection to be "made within a reasonable time").

Coffey is not entitled to an examination of his arguments on the merits, much less relief, for three main reasons. First, the entry of a valid guilty plea waives nearly all issues. *See, e.g.*, *Jackson v. Commonwealth*, 363 S.W.3d 11, 16 (Ky. 2012). Thus, for example, Coffey has waived his sufficiency of the evidence arguments. As we have held, "[p]ost-judgment challenges to sufficiency of the evidence are precluded by unconditional guilty pleas." *Applegate v. Commonwealth*, 577 S.W.3d 83, 89 (Ky. App. 2018). *See also Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky. App. 1986) (explaining that "[t]he reasoning behind such a conclusion is obvious. A defendant who elects to unconditionally plead guilty admits the factual accuracy of the various elements of the offenses with which he is charged. By such an admission, a convicted appellant forfeits the right to protest at some later date that the state could not have proven that he committed the crimes to which he pled guilty. To permit a convicted defendant to do so would result in a double benefit in that defendants who elect to plead guilty would receive the benefit of the plea bargain which ordinarily precedes such a plea along with the advantage of later challenging the sentence resulting from the plea on grounds normally arising in the very trial which defendant elected to forego.").

Second, Coffey did not submit his motion within a reasonable time, as required by CR 60.02(f).[5] Of course, "there is no specific prescribed time within which claims made pursuant to CR 60.02(e) or (f) must be filed." *Priddy*, 629 S.W.3d at 18. But, without adequate explanation, Coffey waited roughly fifteen years after his sentencing to submit this second CR 60.02 motion. We have repeatedly held that CR 60.02 motions submitted sooner were untimely. *See, e.g.*, *Reyna*, 217 S.W.3d at 276 (four-year delay unreasonable); *Djoric v. Commonwealth*, 487 S.W.3d 908, 910 (Ky. App. 2016) (nearly thirteen-year delay unreasonable); *Graves v. Commonwealth*, 283 S.W.3d 252, 257 (Ky. App. 2009) (seven-year delay unreasonable).

Third, Coffey's motion is procedurally improper because it contains allegations which could, and should, have been raised sooner. It is also successive. As our Supreme Court explained, "[a]t each stage . . . the defendant is required to raise all issues then amenable to review, and generally issues that either were or could have been raised at one stage will not be entertained at any later stage." *Hollon v. Commonwealth*, 334 S.W.3d 431, 437 (Ky. 2010). Thus, "CR 60.02 is

---

[5] Though the Commonwealth argues in its brief that the motion was not brought in a timely manner and is successive, the trial court did not explicitly so hold. Nonetheless, we may. *Reyna v. Commonwealth*, 217 S.W.3d 274, 276 (Ky. App. 2007) ("Although not stated as reason for the denial of his CR 60.02(f) [motion], the trial court would certainly have been within its discretion had it held that the motion was not brought within a reasonable time."). *See also, e.g.*, *McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n. 19 (Ky. 2009) (noting that "it is well-settled that an appellate court may affirm a lower court for any reason supported by the record").

not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). Coffey's claims are procedurally barred because he has not shown that he was unable to raise them sooner, such as in his RCr 11.42 motion. *See, e.g.*, *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) ("A review of the grounds for relief listed above demonstrates that each of the claims, with the exercise of reasonable diligence, could have been brought either in Appellant's direct appeal or in his RCr 11.42 proceeding. As such, they do not qualify to be brought in a CR 60.02 proceeding. Moreover, the claims are of the usual procedural, evidentiary, and ineffective assistance of counsel variety, and do not implicate the extraordinary sort of claim contemplated under CR 60.02(f).").

For example, our Supreme Court has expressed a strong preference for ineffective assistance of counsel claims to be raised via RCr 11.42. *Furnish v. Commonwealth*, 95 S.W.3d 34, 52 (Ky. 2002) (holding that ineffective assistance of counsel claims "are not properly raised on direct appeal, but rather must proceed by way of a post-trial motion under RCr 11.42"). Because Coffey should have raised his ineffective assistance of counsel claims in his RCr 11.42 motion, he may not properly do so here. Also, for similar reasons, Coffey may not now raise

arguments regarding his alleged incompetency. *See Owens v. Commonwealth*, 512 S.W.3d 1, 14-15 (Ky. App. 2017).

Finally, this is Coffey's second CR 60.02 motion. Precedent plainly holds that "CR 60.02 does not permit successive post-judgment motions . . . ." *Foley*, 425 S.W.3d at 884. Coffey has not shown why he could not have raised all of the issues in this second CR 60.02 motion in his RCr 11.42 motion or his first CR 60.02 motion. "The courts are not required to entertain a second or successive motion for similar relief from the same prisoner." *Reado v. Commonwealth*, 408 S.W.2d 438, 438 (Ky. 1966). *See also, e.g.*, *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. App. 2011) (declining to address arguments raised in a successive CR 60.02 motion because "[o]ur case law has long held that we will not consider successive motions to vacate a conviction when those motions recite grounds for relief that have been or should have been raised earlier. The courts have much more to do than occupy themselves with successive reruns of RCr 11.42 motions stating grounds that have or should have been presented earlier.") (internal quotation marks and citations omitted).

In short, Coffey waited too long to submit his CR 60.02 motion, it contains allegations which he could, and should, have raised in earlier proceedings, and it is an impermissible proverbial second bite at the CR 60.02 apple. Coffey has offered no compelling arguments to the contrary. Thus, though our reasoning

is not precisely the same, we affirm the McCreary Circuit Court's denial of

Benjamin Coffey's CR 60.02 motion.

ALL CONCUR.


BRIEF FOR APPELLANT:

Benjamin D. Coffey, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky